# Southern Ry. Co. *v.* Cherokee County

*Action to Recover Taxes.*

[DECIDED JUNE 30, 1905.]

1. *Constitutional Law; Counties; Public Roads and Buildings; Taxes.*—The provisions of the constitution, (sec. 215) and the statute (Acts 1903, p. 412), authorizing counties to levy a special tax to pay any debt existing against the county, incurred for the erection, construction, or maintenance of the necessary public buildings or bridges, or that may here-

after be created for the erection of necssary public buildings, bridges or roads, confers power on a court of county commissioners to levy such special tax to meet debts contemplated by the court, to arise out of future work of the kind named.

APPEAL from Etowah Circuit Court.

Heard before the Hon. W. W. HARALSON.

This action was brought by Cherokee county against the appellant, and sought to recover taxes alleged to be due the said county, under a special levy made for the purpose of meeting the expense of repairs on public roads of the county, which the court of county commissioners contemplated making.

From a judgment for the plaintiff, the defendant appealed.

HOOD & MURPHREE, for the appellant, cited:—8 Cyc. 737; 78 Ala. 419; Cooley on Taxation (3d ed.), 188, 214.

No brief in the record for the appellee.

DENSON, J.—Section 215 of the Constitution provides that: "To pay any debt or liability now existing against any county, incurred for the erection, construction, or maintenance of the necessary public buildings or bridges, or that may hereafter be created for the erection of necessary public buildings, bridges or roads, (a) any county may levy and collect a special tax not to exceed one-fourth of one per centum, as may have been or may hereafter be authorized by law," etc.

By an act of the legislature approved September 30th, 1903, the court of county commissioners, or other governing body of like jurisdiction, in any county in this state, was authorized to levy and collect such special taxes as might be deemed necessary, not to exceed one-fourth of one per centum per annum, for the purpose of paying any debt or liability then existing against any county, incurred for the erection, construction or maintenance of the necessary public buildings or bridges, or that might thereafter be created for the erection of public buildings, bridges or roads, etc.

The court of county commissioners of Cherokee county levied a special road tax of one and one-half mills.

The proof showed that the levy was made before any debt or liability was created for the erection or maintenance of the public roads. The single question presented by this appeal is, did the court of county commissioners have the power to make the levy in advance of the creation of any liability or debt on account of the erection or maintainance of any public road? In other words, was the existence of the liability or debt at the time the levy was made indispensible to a valid exercise of the power to levy the tax?

"It is presumed that the legislature in granting the power has clearly indicated its intention, and doubts or ambiguities arising from the terms used by the legislature must be resolved against the county. But the courts must not defeat the legislative intent or defeat powers expressly granted or necessarily implied by a strict construction."—27 Am. & Eng. Ency. Law, 870 (2), notes 4 and 5.

Good roads have been a subject of general discussion throughout the state; especially was it so at the time the convention which framed the Constitution was held, and many plans were suggested from time to time for the improvement of the public roads. Doubtless it was seen and felt by the members of the convention that some system should be devised that would enable the people by power of government to effectuate the proper construction and maintenance of the highways for public use. The convention amended the Constitution of 1875 (Art II, § 5) by adding this clause; "To pay any debt that may be hereafter created for the erection of necessary public buildings, bridges, or roads, any county may levy and collect such special taxes, not to exceed one-fourth of one per centum," etc.

The committee on taxation of the constitutional convention said in their report, that they amended the clause in question, "So as to provide for the construction and maintenance of the public roads by special taxation." Journal of the Constitutional Convention, 1901.

At the session 1896-97 of the general assembly was passed an act authorizing Marshal county to levy a special tax, to be used in building and repairing bridges and approaches thereto.—Acts of 1896-97, page 1228. This

[Southern Ry. Co. v. Cherokee County.]

court, in the case of *State v. Street, et al.,* 117 Ala. 203, construing the act, held, that the provision of the act above referred to, and which related to the levy of the tax to be known as the bridge tax, conformed to the Constitution. In that case the levy was not to be made for the purpose of raising money to pay debts or liabilities that had been created for the purpose of building and repairing bridges and approaches thereto. Obviously the debts and liabilities in contemplation were such as might be created in the future. The purpose of the act was to provide the means for building and repairing bridges. Manifestly the constitutional convention was aware of the ruling that was made in the *Street case,* and, in enlarging the section of the Constitution under consideration so as to include roads, the convention used the terms of the old law, and merely included roads within its terms. Thus, by the amendment, public roads are placed in the same relation to the levy of the special tax as necessary public buildings and bridges. If it should be said that the levy cannot be a valid exercise of the power unless there be at the time a debt or liability, such a construction might strip the counties of all benefit intended to be conferred by the Constitution and deprive them of the power to obtain money for improvement of the public roads by taxation; they might have no credit and might not be able to procure contracts or labor for the erection of buildings or roads or for the maintenance of them without the money.

We are constrained to hold that the clause; "Or that may hereafter be created," refers to contemplated debts, that is, debts contemplated by the commissioners' court, for erecting, maintaining and repairing public roads, and to provide for the payment of such debts; that it was a valid exercise of the power given the courts to levy the special tax.

The judgment of the court below is in harmony with these views and it is

Affirmed.

Tyson, Dowdell, Simpson and Anderson, JJ., concurring.