# Southern Railway Company *v.* Jackson County.

## *Assumpsit.*

(Decided July 25, 1914. Rehearing denied November 7, 191  
66 South. 570.)

*Counties; Limitation of Indebtedness; Constitutional Provision.—* Where a county has already exceeded the debt limit as prescribed by section 224, Constitution 1901, it is not authorized under section 215, Constitution 1901, to levy a special tax to pay debts thereafter created in erecting a courthouse and constructing public roads, and for the accumulation of a fund in contemplation of future expenditures for the same purpose.

APPEAL from Jackson Circuit Court.

Heard before Hon. W. W. HARALSON.

Tax proceedings by Jackson county against the Southern Railway Company. Judgment for plaintiff and defendant appeals. Reversed and remanded.

LAWRENCE E. BROWN, for appellant.

BOULDIN & WIMBERLY, for appellee.

SOMERVILLE, J.—In the case of *Gunter v. Hack-worth,* 182 Ala. 205, 62 South. 101, it was ruled, on the facts here exhibited, that the indebtedness of Jackson county is in excess of the limitations imposed by section 224 of the Constitution of 1901; and, further, that that county could not under those limitations incur any additional debt even for the erection of a courthouse which was necessary for county uses.

As stated by counsel in brief, the sole question presented by this appeal is: Can a county in this state, which has exceeded the debt limit placed upon it by the Constitution, levy special taxes, in excess of the authorized general tax of one-half of one per centum, for the purpose of erecting a courthouse, and constructing public roads?

The authority to do so, if it exists, must be consistent with section 215 of the Constitution, which is as follows: "No county in this state shall be authorized to levy a greater rate of taxation in any one year on the value of the taxable property therein than one-half of one per centum; provided, that to pay debts existing on the 6th day of December, 1875, an additional rate of one-fourth of one per centum may be levied and collected which shall be appropriated exclusively to the payment of such debts and the interest thereon; provided further, that to pay any debt or liability now existing against any county, incurred for the erection, construction or maintenance of the necessary public buildings, bridges or roads, (a) any county may levy and collect such special taxes not to exceed one-fourth of one per centum, as may have been or may hereafter be authorized by law, which taxes so levied and collected shall be applied exclusively to the purpose for which same were so levied and collected."

It will be observed that the special taxes thus authorized are for two purposes only: (1) To pay debts then (1901) already existing; and (2) to pay debts incurred in future for the objects specified.

The tax levies which appellant here challenges are not made for the payment of debts existing before the adoption of the Constitution of 1901; and, of course, they could not constitutionally be made for the payment of debts created after the debt limit of the county was reached.

It is, however, insisted on behalf of the county that, consistently with the provisions of section 215, above quoted, a special tax may be levied by the county for the accumulation of a fund in contemplation of future expenditures for the purposes in view, viz., the building of a county courthouse and the construction of county roads.

In the case of *So. Ry. Co. v. Cherokee County,* 144 Ala. 579, 42 South. 66, it was held, upon reasoning which we fully approve, that the clause, "that may hereafter be created," refers to contemplated debts—that is, debts contemplated by the commissioners' court for erecting, maintaining, and repairing public buildings and roads—and is intended to provide for the payment of such debts.

Having due regard to the language of the special tax proviso of section 215, and also the clear purpose of section 224, we think the future application of section 215 must have been intended only for those counties which possess the power of creating county debts or liabilities; that is to say, counties which have not exceeded the debt limitation prescribed by section 224 of the same instrument.

In the case of *Hagan v. Commissioners' Court,* 160 Ala. 544, 49 South. 417, 37 L. R. A. (N. S.) 1027, the

point of decision was, on the facts exhibited, that a special tax for public buildings could not be levied by an overburdened county, where it assumed the obligation of levying a series of taxes for such purpose, although it was also expressly agreed by the contractor that there was no debt thereby created or incurred by the county. The court, through Denson, J., there said: "Construing the two sections of the Constitution together (sections 215 and 224), it is obvious that section 215 is without any field of operation in a county the indebtedness of which is up to the limitation fixed by section 224, or whose indebtedness, added to the debt contemplated or about to be contracted, will exceed that limitation; and it is only in those counties not so indebted that section 215 may be brought into play and applied."

It results from the views above stated that the special tax levies for buildings and roads were not authorized by law, and the judgment should have been for the defendant.

The judgment will therefore be reversed, and the cause remanded for appropriate action in the court below.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and GARDNER, JJ., concur.