# Littlejohn *v.* Littlejohn, County Treasurer.

### Bill to Enjoin Payment of County Warrants.

(Decided February 10, 1916.   71 South. 448.)

1. Counties; Indebtedness; Warrants.—The issuance by the authority of
the courts of county commissioners of interest bearing warrants, payable at
stated times in the future to pay for public buildings, etc., is not the issu-
ance of bonds within § 222, Constitution 1901, and such courts are compe-
tent to issue such interest-bearing warrants, unless restrained by the pro-
visions of § 224, Constitution 1901.

2. Same.—A county warrant is the command of one duly authorized offi-
cer to another duly authorized officer to pay from the county funds a spe-
cific sum to a designated person, whose claim therefor has been presented to
and allowed by the court to county commissioners or board of revenue.

3. Same; Nature of Contract.—A county warrant has not the attributes
of commercial paper, and is not assignable, and hence, no action can be
brought thereon by a transferee.

4. Same; Bond.—As used in § 222, Constitution 1901, a bond signifies an
obligation in writing to pay a sum of money at a future date and ordinarily
bears no specific designation of the person or entity in whose favor the
promise runs.

[Littlejohn v. Littlejohn, County Treasurer.]

5. **Same; Negotiability of Commercial Paper.**—When bonds are authoritatively issued by governmental agencies, they are commercial paper capable of assignment and transfer, and the succeeding owner may found an action thereon.

6. **Same; Indebtedness; Interest; Debt; Liability.**—As used in § 215, Constitution 1901, the term debt and liability comprehend the engagement for payment of interest, and recognize the power to incur obligation to be discharged in the future.

7. **Same; Taxation; Diversion of Proceeds.**—Under § 215, Constitution 1901, the application of the proceeds of a special levy to provide means to discharge a debt or liability for the construction of public roads to payment of installments of interest on such debt or liability is not a diversion of the proceeds of the special levy.

APPEAL from Chilton Circuit Court.

Heard before Hon. W. W. PEARSON.

Bill by H. T. Littlejohn, as a taxpayer of Chilton county, against J. Wiley Littlejohn, as Treasurer, to enjoin payments out of the county's money on certain interest-bearing warrants issued by the commissioners' court of the county to J. G. Brown in payment of certain road work construction under contract made with the commissioners' court. From a decree denying relief, respondent appeals. Affirmed.

The road improvement warrants referred to in the opinion read as follows: ·

"$500                                                    No. 1.

"Know all men by these presents that the county of Chilton, state of Alabama, for value received, is justly indebted to J. G. Brown, contractor, in the principal sum of five hundred dollars, and the treasurer of said county is hereby authorized, ordered and directed to pay to said J. G. Brown, contractor, or his assigns the said sum of five hundred dollars from the fund hereinafter designated on the 15th day of January, 1914, 1917, 1918, with interest thereon from the date hereof at the rate of 6 per cent. per annum payable annually on the 15th day of January in each year on presentation and surrender of the coupons hereto attached bearing the signature of the judge of probate of said county, as they respectively mature. Both principal and interest of this warrant are payable in lawful money of the United States of America at the office of the treasurer of said county in Clanton, Alabama, from the special fund raised by special tax lexied and collected and to be levied and collected upon the taxable property of said county to pay the debt created for constructing and

improving the public road running from Clanton to the line of Chilton and Shelby counties, at or near South Calera via Thorsby and Jemison in Chilton county.

"This warrant is one of a series of time warrants of like tenor and effect, excepting as to date and time of payment, authorized by the court of county commissioners of said county to be issued to J. G. Brown for constructing and improving said public road running from Clanton to the line of Chilton and Shelby counties pursuant to contract providing therefor entered into by the court of county commissioners of said county and J. G. Brown on the 26th day of October, 1914.

"It is hereby certified, recited, and declared that the claims of said contractor evidenced by this warrant has been audited and allowed by the court of county commissioners of said county and has been duly registered in a book kept for that purpose; and that the said sum is lawfully due said contractor; that a special tax upon the taxable property of said county in such amount as may be necessary to pay the debt evidenced by this warrant and the other warrants of said series, with interest thereon at maturity will be levied and collected; that all acts, conditions, and things required to be done precedent to and in the issuance of this warrant have been properly done, have happened and have been performed in regular and due form and time as required by law.

"In testimony whereof, I, E. B. Deason, judge of probate of Chilton county, Alabama, being duly authorized to execute this warrant have hereto subscribed my name officially and affixed my official seal this 4th day of January, 1915."

The interest coupons were in the following form:
"No. 1.                                                    $——.
"On January 15, 1916, the treasurer of Chilton county, Alabama, will pay to J. G. Brown, contractor, or his assigns —— dollars at his office in Clanton, Alabama, from the special fund raised by special tax levied and collected upon the taxable property of said county to pay the debt created for constructing and improving the county road running from Clanton to the line of Chilton and Shelby counties at or near South Calera, via Thorsby and Jemison, in said county, being interest then due on road improvement warrant issued to said contractor No. ——.

Judge of Probate."

The certificate of registration was as follows:

"I hereby certify that I have registered this claim against the special fund raised by special tax levied and collected and to be levied and collected upon the taxable property of Chilton county, Alabama, to pay the debt created for constructing and improving the public road running from Clanton to the line of Chilton and Shelby counties at or near South Calera via Thorsby and Jemison in said county this —— day of ——, 191—.

"Registration No. ——.                                   ————,
            "County Treasurer of Chilton County, Ala."

J. B. ATKINSON, CURRY & WALKER, and SMITH & GERALD, for appellant. MIDDLETON & REYNOLDS, specially for warrant holders.

McCLELLAN, J.—(1) It must be regarded as settled that the issuance by the authority of a commissioners' court of interest-bearing warrants on the county treasurer, payable at stated times in the future, to pay for public buildings, public roads and bridges, is not the issuance of bonds by the county within the provisions of section 222 of the Constitution; and that commissioners' courts are competent, unless restrained by the debt limit fixed in section 224 of the Constitution (*Hagan v. Com'rs,* 160 Ala. 544, 49 South. 417, 37 L. R. A. [N. S.] 1027; *Gunter v. Hackworth,* 182 Ala. 205, 62 South. 101; *O'Rear v. Sartain,* 193 Ala. 275, 69 South. 554), to issue interest-bearing warrants of the character above described (*Talley v. Jackson Co.,* 175 Ala. 644, 39 South. 167; *Matkin v. Marengo County,* 137 Ala. 155, 34 South. 171).

(2, 3) A county warrant "is the command of one duly authorized officer to another, whose duty it is to obey, to pay, from county funds, a specified sum to a designated person whose claim therefor has been allowed by the court of county commissioners."—*Savage v. Mathews,* 98 Ala. 535, 537, 13 South. 328. Such a warrant has not the attributes of commercial paper, and is not assignable, so as to be made the foundation of an action at the suit of a transferee.—*Savage v. Mathews, supra.*

(4, 5) As employed in section 222 of the Constitution, the term "bond" signifies an obligation in writing to pay a sum of money. It imports, necessarily, a promise to pay a certain sum of money at a future date, and commonly bears no specific des-

ignation of the person or entity in whose favor its promise runs. Bonds authoritatively issued by agencies of the governments are commercial paper and are capable of assignment and of transfer, and the succeeding owner may of course found an action upon it.—*Blackman v. Lehman,* 63 Ala. 547, 550, 35 Am. Rep. 57. There is, hence, a marked fundamental difference between county warrants and the county bonds to which section 222 of the organic law makes governing reference. The fact that both county warrants and county bonds may be made presentable and payable at a future specified date, and that they bear interest for prescribed periods does not suffice to eliminate the stated characteristic distinctions between them. One, the warrant is an order to pay when in funds; while the other, the bond, is a promise to pay.

(6) Section 215 of the Constitution provides: "No county in this state shall be authorized to levy a greater rate of taxation in any one year on the value of the taxable property therein than one-half of one per centum: Provided, that to pay debts existing on the sixth day of December, eighteen hundred and seventy-five, an additional rate of one-fourth of one per centum may be levied and collected which shall be appropriated exclusively to the payment of such debts and interest thereon: Provided further, that to pay any debt or liability now existing against any county, incurred for the erection, construction, or maintenance of the necessary public buildings or bridges, or that may hereafter be created for the erection of necessary public buildings, bridges or roads, (a) any county may levy and collect such special taxes, not to exceed one-fourth of one per centum, as may have been or may hereafter be authorized by law, which taxes so levied and collected shall be applied exclusively to the purposes for which the same were so levied and collected."

It is to be observed that this section contemplates the creation of debts (necessarily within the debt limit fixed by section 224 of the Constitution) by county governing bodies, for the county purposes defined in section 215; to satisfy and discharge which a levy or levies of the special taxes prescribed, not exceeding one-fourth of one per centum, may be made.

The power to incur a debt or liability, for the public purposes named in section 215, is expressly recognized therein; and the authority to levy the special taxes described in that section

[Littlejohn v. Littlejohn, County Treasurer.]

is conferred to the prescribed and exclusive end of discharging the debt or liability so incurred. The terms "debt" and "liability," as there employed, comprehend the engagement for and the payment of interest as an incident to the principal obligation validly assumed by the county in order to provide public buildings, public roads, and bridges. While the section does not establish the existence or antecedent creation of a debt or liability as a condition precedent to the right to levy special taxes to pay for public buildings, public roads, or bridges (*Sou. Ry. Co. v. Cherokee County*, 144 Ala. 580, 42 South. 66), yet it does contemplate the incurring of obligations for those purposes, to be satisfied and discharged in the future, and intends the gathering of the means to that end by and through the imposition of the special taxes described in section 215. Being thus authorized and empowered to provide those public necessities by an assurance of the subsequent payment therefor, it cannot be reasonably doubted that the makers of the Constitution contemplated, and intended, that the means, thus specially afforded, to subsequently discharge the debt or liability could be validly devoted to the payment of interest thereon as a part of the obligation assumed by the county in providing the public necessities described in the section. Such, in effect, was the ruling of this court, more than ten years ago, in *Talley v. Jackson County, supra*, and in its predecessor, *Matkin v. Marengo County, supra*.

(7) It results, therefore, that the application of the proceeds of a special tax levied under section 215 of the Constitution, to provide means to discharge a debt or liability incurred for the construction or maintenance of public roads, to the payment of installments of interest on such debt or liability is not a diversion of the proceeds of that special levy from the public purpose to which those proceeds must, under that section, be exclusively devoted.

The report of the appeal will contain a copy of the "road improvement warrants," together with a copy of the "interest coupon," and the "certificate of registration," exhibited with the bill. The bill seeks an injunction to restrain the county treasurer from paying warrants numbered from 1 to 24, inclusive, drawn upon that official, to be paid out of the special fund constituted of the proceeds of a special tax levied for the express purpose of constructing and maintaining a certain line of pub-

lic road in Chilton county. They are warrants, not bonds, and hence are without the provisions of section 222 of the Constitution. Not being bonds, the right to issue them for the purpose stated did not depend upon a favorable election held as provided in section 222 of the Constitution. The commissioners' court of Chilton county possessed and possesses the power and authority to determine what public road or roads should be constructed or maintained in the county; and, likewise, the power and authority to select and to decide, as was done in this instance, to what public road improvement the proceeds of the special tax should be devoted. The special tax was levied to afford the special fund against which the warrants in question are drawn, and was designed to discharge a "debt or liability" validly incurred for a purpose within the provision of section 215 of the Constitution.

The bill, proceeding as it does on the theory that the warrants are void, and for that reason their payment by the treasurer should be restrained, is not well founded. It is without equity. The decree appealed from so concluded, and was hence well rendered. It is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.