**HENRY, County Treasurer, v. ROGERS, County Engineer. (6 Div. 271.)**

(Court of Appeals of Alabama. Aug. 28, 1923.)

1. Highways ☞109—Goode Law held to authorize county board resolution providing for visit to roads in other state built with material use of which is contemplated and for appropriation for expenses.

The Goode Law, adopted Sept. 22, 1915 (Acts 1915, p. 573), invests county boards with general superintendence of public roads, bridges, etc., which they may establish and change and discontinue to render travel safe and convenient, and to this end gives them "legislative, judicial, and executive powers" except as otherwise limited, and for the purpose named unlimited jurisdiction and powers, among which is the power to construct, maintain and improve roads, etc. *Held*, that this carried with it the necessary power to plan, select material, and determine the best to be used and the method of applying it to the best advantage, and, where it is deemed advisable to visit a road completed with materials contemplated, it is the duty of boards to do so, and it follows that a resolution providing for a visit to such roads in another state and for an appropriation for necessary expenses connected therewith was authorized.

2. Counties ☞113(1) — Authorized legislative acts of boards of revenue involving discretion not controlled by courts unless fraudulent or corrupt.

Where boards of revenue and like bodies exercise legislative jurisdiction within the express or implied terms of the act granting them their power, and there is an absence of fraud, corruption, or unfair dealing, in no case involving the exercise of discretionary power will a judicial tribunal control their action.

Appeal from Circuit Court, Jefferson County; C. B. Smith, Judge.

Action by C. J. Rogers, as Engineer of Jefferson County, against M. V. Henry, as Treasurer of Jefferson County, to recover the amount of a warrant issued to plaintiff by the board of revenue, payment of which was refused by the defendant. From a judgment for plaintiff, defendant appeals. Affirmed.

Harwell G. Davis, Atty. Gen., for appellant.

An officer claiming payment from public funds, regardless of the benefit the county may derive therefrom, must show that the claim is expressly or by necessary implication authorized by the statute. Ensley Motor Car Co. v. O'Rear, 196 Ala. 481, 71 South. 704. There is a distinction between the power of the board to require payment by the county of the expenses of officers whose duties and compensation are specifically prescribed and the authority to contract with and pay for services of an expert. Mobile County v. Williams, 180 Ala. 639, 61 South. 963.

Matthews & Morrow, of Birmingham, for appellee.

No brief reached the Reporter.

SAMFORD, J. This case was submitted to the court, sitting without a jury, on the following agreed statement of facts:

"It is agreed that on the 23d day of February at a regular meeting of the board of revenue of Jefferson county at which all the members of said board were present, that a resolution was unanimously passed that three members of the board of revenue, together with the county engineer and the superintendent of roads, visit the city of Indianapolis at the expense of the county and view at that place certain roads constructed of a new type of pavement and a new type of road material and also what is to this district a new method of construction of roads; that the purpose of this visit is to determine the advisability and practicability of putting the same type of road material and same kind of construction on roads in Jefferson county and of ascertaining whether or not said roads are suitable in Jefferson county. Said resolution further carried a provision ordering a warrant to be drawn, in favor of the C. J. Rogers as county highway engineer, on the treasurer of Jefferson county for the sum of $300.00 to be paid out of the road fund of Jefferson county to defray the expense of said trip.

"It is further agreed that said sum of $300.00 is the true amount for the expense of said trip; and further that the treasurer has in his hands a sufficient amount in the road fund to pay said warrant; and further that said warrant was duly and regularly presented to the treasurer and payment thereof refused."

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] The power to bind the defendant, treasurer, to pay the warrant called for by the resolution of the board is dependent on section 1 of an act of the Legislature, known as the Goode Law, adopted Sept. 22, 1915 (Acts 1915, p. 573). By said act the several county boards are invested with general superintendence of the public roads, bridges, and ferries within their respective counties, and may establish and change and discontinue old roads, bridges, and ferries, so as to render travel over same as safe and convenient as possible. To this end such boards are given "legislative, judicial and executive powers," except as is limited in the act, and for the purposes named in the act have "unlimited jurisdiction and powers."

With the express limitations named in the Act, we are not here concerned, as none of them apply to the issues of this case.

If the act in express terms or by necessary inference authorizes or empowers the county board to pass the resolution, the plaintiff should recover and the judgment of the lower court be affirmed. If, on the other hand, the board by its resolution exceeded the powers conferred by the act, the plaintiff must fail.

[2] By the act the board is given power to construct, maintain, and improve roads, etc. That carries with it the necessary power to plan, to select material, to determine as to the best material to be used and the method of applying such material to the best advantage. To do this they must have information, which ought to be had from the best obtainable sources. If, to obtain this information, it is deemed advisable to visit a piece of road, completed with the materials contemplated, it is their duty to do so, to the end that they may more intelligently execute the trust placed in them as commissioners. This is executive. Under their legislative authority they may make appropriation for the necessary expenses in making such investigations. Where boards of revenue, and like bodies, exercise legislative jurisdiction, and such action is within the express or implied terms of the act granting the power to them, and there is an absence of "fraud, corruption or unfair dealing," our courts are committed to the doctrine that in no case involving the exercise of discretionary power will their action be controlled by any judicial tribunal. Ensley M. C. Co. v. O'Rear, Treas., 196 Ala. 481, 71 South. 704; Eutaw v. Coleman, 189 Ala. 164, 66 South. 464.

The expense provided for in the resolution is for the benefit of the county in the construction, maintenance, and repair of the roads of the county, and, being such, the wisdom of the expenditure is with the board, and in the absence of fraud, etc., with an accountability only to the people.

There is no error in the record. Let the judgment be affirmed.

Affirmed.