(137 So. 665)

## PARSONS v. CITY OF BIRMINGHAM.

### 6 Div. 27.

Supreme Court of Alabama.

Nov. 19, 1931.

Paul G. Parsons and Yelverton Cowherd, both of Birmingham, for appellant.

Horace C. Wilkinson, of Birmingham, for appellee.

FOSTER, J.

Section 1897, Code, prior to the amendment of March 6, 1931, authorized cities and towns to borrow money to the limit prescribed by the Constitution, but did not define the nature of instrument they could execute. The amendment directed that for temporary loans negotiable notes may be executed, payable within twelve months, etc., and shall have the municipal seal attached. Section 222, Constitution, permits a "bond issue" only after an election is held, etc.

Undoubtedly a promissory note under the seal of the maker is a "bond." But is the

execution of such a note under seal a "bond issue" as contemplated and controlled by section 222, Constitution? In our case of Littlejohn v. Littlejohn, 195 Ala. 614, 71 So. 448, 449, this court affirmed the well-known fact that a bond issue under section 222 "commonly bears no specific designation of the person or entity in whose favor its promise runs." Whereas a promissory note under seal commonly does make such designation. We may add that a "bond issue" is commonly intended to distribute the indebtedness among a large number of investors and running over a period of several years, and for sale on the open market, whereas a note is usually payable and issued to a single investor, and matures at an earlier date. 19 R. C. L. 1036; 2 Dillon on Municipal Corporations (5th Ed.) § 871 (486); City of Tyler v. Jester & Co., 97 Tex. 344, 78 S. W. 1058; Coynington, Bennett & Pinkerton on Corporate Procedure, p. 447, § 500, p. 465, § 513, p. 647, 648, §§ 101, 102, p. 652, § 105.

In ascertaining the meaning of constitutional and statutory terms, we should construe them in the light of accepted and well-known trade customs. In financial circles, there is, as is commonly known, no ambiguity of expression in the use of "bond issues" and "negotiable notes," though the latter are under seal, when maturity does not exceed twelve months. Then why should we hesitate to recognize such distinction merely because the language is used in our statute and Constitution? The similarity is the promise to pay a definite amount at a definite time, and both are under seal. But, when they differ as indicated above, there is a well-defined distinction, though in fact both are bonds, as legally defined.

Section 1897, Code, as amended, does not expressly refer to a "bond," though it describes such an instrument (referring to a negotiable note under seal, which is a bond). And, while its execution is in a sense its issuance, there is no trouble in understanding that the execution of such a note payable within twelve months, not one of a series intended for general circulation or permanent financing, is not a bond issue under section 222 of the Constitution.

It certainly cannot be affirmed that the purpose of the Constitution was to prohibit the creation of city indebtedness without an election. There is nothing in the Constitution to prohibit the creation of debts to the limit which it fixes, without the sanction of such election. The Constitution, § 222, only checks the issuance of a certain form of security for that debt, but not the creation of the debt. It has been held not to prohibit the issuance of warrants, under seal, though interest bearing and due over a period of years. Littlejohn v. Littlejohn, supra; Ramage, Parks & Co. v. Folmar, 219 Ala. 142, 121 So. 504.

The notes described in the bill are made payable within twelve months to a designated payee or order. They can only be negotiated by indorsement, and show that they are for temporary financing in anticipation of current taxes, and the funds derived from the loan are to be used for the purposes for which the taxes are levied and assessed. They do not bear the essential qualities of a bond issue as described in section 222, Constitution.

The decree of the circuit court to that effect is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.