163 So. 105

### In re OPINIONS OF THE JUSTICES.

### No. 33.

Supreme Court of Alabama.

Sept. 11, 1935.

674

September 3, 1935.

To the Chief Justice and Associate Justices of the Supreme Court of Alabama.

Gentlemen: As Governor of Alabama, under the provision of section 10290 etc. Code of Alabama, as amended, I request an opinion on the following important constitutional questions concerning Senate Bill 184, authorizing certain counties in Alabama to issue warrants, assignments and other obligations payable out of the gasoline tax collected by the State of Alabama and apportioned equally among the sixty-seven (67) counties of the State.

I would like for you to consider and answer the following questions:

First. Would assignments or warrants issued by the counties affected by Senate Bill No. 184 against this gasoline tax be deemed debts of the counties under section 224 of the Constitution of Alabama of 1901?

Second. Is the classification of the counties under this law proper, so as to constitute a general law and not a local law under section 105 and section 110 of the Constitution?

Third. Does this law contravene the provisions of section 104, subdivision 17 of the Constitution of Alabama of 1901?

A copy of said law is hereto attached.

Very respectfully,

Bibb Graves, Governor.

No. 177)                          (S-184—Russell

An Act To authorize and empower the governing bodies of all counties in this State, which are now collecting or may hereafter collect as much as Forty Thousand Dollars per year from any road or bridge tax of one-fourth of one per centum levied under Section 215 of the present Constitution of Alabama, to transfer and assign, sell or pledge not more than fifty per centum of the county's part of the gasoline taxes now or hereafter levied by the State of Alabama, and divided among the sixty-seven counties of this State, for a period of not exceeding twenty years, and to authorize the issuance and sale of warrants, securities, debentures or assignments of said taxes, and to provide for the payment of such warrants, debentures, securities or assignments out of such county's part of such gasoline taxes; and to provide for the use of such proceeds of sale of such securities in the construction, maintenance, repair, surfacing, or re-surfacing of roads and bridges, and the matching of funds with the State of Alabama or the United States of America, for highway and bridge purposes; and to further provide for authority by the counties for the deposit of such proceeds with the State of Alabama for highway or bridge purposes.

Be it Enacted by the Legislature of Alabama:

Section One: That the provisions of this Act shall apply to all counties in this State which are now collecting or which may hereafter collect as much as Forty Thousand Dollars per annum from the proceeds of the road or bridge tax of one fourth of one per centum authorized by Section 215 of the present Constitution of the State of Alabama.

Section Two: That the Courts of County Commissioners, Boards of Revenue, or other governing bodies of such counties in this State, shall have power and authority, by resolution legally passed and adopted at any legal meeting of such Court

or Board, to issue county warrants, debentures, certificates, or orders, or other like forms of securities against 50% of such county's part of the Gasoline Taxes levied by the State of Alabama and allocated or divided among the sixty-seven counties of this State herein described for a period of twenty years, such securities to be in such denominations and with such maturities, and to bear such rate of interest, not exceeding six per cent per annum, as the Court of County Commissioners, Board of Revenue, or like governing body of a county, may determine; and said securities, when so issued, may be sold at public sale, either in whole or in part, as the money may be needed by such county for the purpose described in this Act. In the event of such public sale, notice of the same shall be given for ten days by publication at least two times in some newspaper published in the county, or, if no newspaper is published in the county, then by posting such notice at three public places in such county for a period of ten days; and, in like manner, such warrants or securities may be sold at private sale to any agency of the United States of America without public notice, provided that notice of the intention to sell at private sale to a purchaser other than a United States Agency, and the time and place of such private sale of such securities be given for ten days as herein provided for in case of public sale; and provided further that said securities may be delivered to any contractor or material man, or other persons furnishing labor, materials, feed stuffs, or supplies to such county, for road or other work described in this Act; or may be delivered to the State of Alabama.

Section Three: Said securities, if they bear six per cent per annum interest, shall not be sold for less than par, but if said warrants bear smaller rate of interest than 6% per annum, then such warrants or securities may be sold at a price to yield not more than 6% per annum interest. That the general faith and credit of the County shall not be pledged to the payment of such securities, nor shall such securities be the general obligation of said county issuing the same, but that the holder of said securities shall look solely for the payment of said securities to the gasoline tax herein described, and said securities and resolutions authorizing their issuance may pledge to the holder of such warrants not more than 50% of the County's part of such gasoline tax of the county so issuing the same for not more than twenty years; and, if such securities or warrants are issued, no part of the gasoline tax allocated to said County and assigned or pledged to the payment of warrants or certificates shall be used for any purpose except the payment of said warrants or securities. The warrants or securities issued under this Act, and under the authority of such Courts of County Commissioners, Boards of Revenue, or other governing bodies, shall have priority over each in the order of their issuance. Such securities shall, under no circumstances, be debts of the county, nor shall the county be liable in any manner except for the proper assignment and transfer of such gasoline taxes.

Section Four: That such counties in this State, through their Courts of County Commissioners, Boards of Revenue, or other governing bodies, are authorized to use such gasoline tax, or the proceeds of warrants or securities issued and sold against the same, for the construction, maintenance, repair, surfacing or resurfacing, grading and draining of roads, streets, bridges and causeways in such counties; and to join with the State of Alabama or the United States of America, or both, in the construction or surfacing of roads or bridge projects in such county; and such proceeds may be deposited with the State of Alabama to be used by the State or Government in highway or bridge construction in such county; and such proceeds may be used for the payment of any expense or interest charge necessary or incident to such purposes, or the issuance or sale of such securities, and for the payment of interest and principal of any warrants or securities issued under the authority of this Act by such County authorities.

Section Five: That all laws and parts of laws in conflict with this Act, be and the same hereby are repealed.

Section Six: That if any part, section or clause of this Act is unconstitutional, it shall not affect the remaining parts of this Act.

Section Seven: This Act shall go, into effect on its approval by the Governor.

Approved July 8, 1935.

Response of the Justices.

Honorable Bibb Graves, Governor of Alabama.

Dear Sir: Responding to your request for advisory opinion on important consti-

tutional questions concerning the recent statute, designated as Senate Bill No. 184, we submit the following:

First: In our opinion the warrants or other securities authorized by the bill do not constitute nor evidence debts of the county within the meaning of section 224, Constitution of Alabama.

They are expressly declared not to be a charge on the general credit of the county, but payable solely from the funds allocated and pledged under the act. The fund thus pledged is part of the proceeds of a state excise tax, levied and collected by the state, and allocated by statute to the several counties for the construction and maintenance of roads and bridges. Jefferson County v. Hard, Comptroller, et al., 227 Ala. 201, 149 So. 81.

These obligations are not a charge on the general revenues of the county, nor on the proceeds of any levy by the county for special county purposes under the Constitution.

Our recent decisions construing section 225, a related section fixing debt limits of cities, are applicable in principle to section 224. Oppenheim v. City of Florence, 229 Ala. 50, 155 So. 859; Smith v. Town of Guin et al., 229 Ala. 61, 155 So. 865.

Second: We are of opinion this is a general and not a local law within the meaning of sections 105 and 110 of the Constitution.

The act applies to a class of counties which have available road funds of a stated amount, such sum as, in the judgment of the Legislature, will enable them to properly maintain county roads, notwithstanding the allocation of one-half this special fund to the special road purposes specified in the act.

The act applies automatically to all counties as they hereafter come within the defined class. We think the classification bears such reasonable relation to the subject matter of the act as to bring it within the rule defining general laws often declared by this court.

Third: Section 104, subd. 17, inhibits local laws on the subject therein defined.

Our answer to your second inquiry might serve as an answer to this. We add, however, that such securities are not bonds within the meaning of this subdivision, or related section 222 of the Constitution. Securities which do not represent indebtedness of the county are not bonds, and are not necessarily bonds, if they do represent indebtedness.

Respectfully submitted,
JNO. C. ANDERSON,
Chief Justice,
Supreme Court of Alabama.

LUCIEN D. GARDNER,
WILLIAM H. THOMAS,
VIRGIL BOULDIN,
THOMAS E. KNIGHT,
Associate Justices,
Supreme Court.