**177 So. 306**
**LYON v. SHELBY COUNTY.**
**7 Div. 474.**

Supreme Court of Alabama.

Nov. 4, 1937.

Rehearing Denied Dec. 4, 1937.

Paul O. Luck, of Columbiana, for appellant.

L. H. Ellis, of Columbiana, for appellee.

ANDERSON, Chief Justice.

As we understand, this case involves the right of Shelby County to pledge for a

number of years its share of a certain gasoline tax for the purpose of constructing and maintaining a highway in the county in conjunction with the state highway commission, which said last body proposes that the state shall bear the major part of the expense; the pledge of the county to be raised by certain interest-bearing warrants expressly providing that they are to be paid only out of its share of the gasoline fund and are not to operate as a charge against the general funds of the county.

 This last provision renders the warrants immune from a violation of the debt limit fixed by the Constitution of 1901 (section 224), as pointed out in the Opinion of the Justices, 230 Ala. 673, 163 So. 105. As we understand, that regardless of the general authority of the board of revenue to issue interest-bearing warrants, this action was taken under the express authority of the Revenue Act of 1935 (General Acts 1935, pages 441, 512), Schedule 156.11 of section 348. So much of said provision as necessary to set out reads as follows:

"Provided, however, that the Board of Revenue or other such governing body of a county may direct the State Tax Commission to pay over to the State Highway Department such part of said funds as may be agreed upon by the Board of Revenue or such other governing body of any county, and the Governor of the State of Alabama, which said funds are to be used in the construction and maintenance of roads in said county, to be agreed upon by the Board of Revenue of such county, or such other governing body, and the Governor of the State of Alabama." General Acts 1935, page 514.

It will be observed that the things done by the board of revenue are sanctioned by the quoted provision which is the last legislative expression, the act being approved July 10th, 1935, and the board did not have to rely for authority upon the act of 1935, General Acts 1935, p. 231, dealing with certain counties which did not include Shelby and which said act antedated the one under which the present board of revenue proceeded.

It is next urged that the tax or fund in question was intended only as an annual fund for the maintenance of roads and could not be anticipated for the construction. It is sufficient to say the provision quoted expressly says, "which said funds are to be used in the construction and maintenance of roads in said county."

It is well settled that the county commissioners have the right to issue county warrants such as dealt with in the present case. Section 1347 of the Code of 1923; section 1397 (110) of Michie's Code; Littlejohn v. Littlejohn, County Treasurer, 195 Ala. 614, 71 So. 448.

Nor is this result changed by the General Acts of 1935, p. 231, as that act deals only with a class of counties where the gasoline tax amounts to $40,000 and not to counties where the receipts are less, and, as to said counties, extends the period for contracting debts for roads, bridges, etc., to twenty years instead of ten as applicable at present to all other counties.

The decree of the circuit court is affirmed.

Affirmed.

THOMAS, BROWN, and KNIGHT, JJ., concur.

On Rehearing.

Rehearing overruled.

All the Justices concur, except BROWN, J., dissenting.

BROWN, Justice (dissenting).

The case presented by the bill is one for declaratory judgment. Tuscaloosa County v. Shamblin, 233 Ala. 6, 169 So. 234.

On further consideration I am not in agreement with the holding of the majority in this case nor in the case of Herbert v. T. M. Perry et al., post, p. 71, 177 So. 561, this day decided. I therefore respectfully dissent for reasons stated in my opinion in the Herbert-Perry Case.