180 So. 572

**BURLESON v. COURT OF COUNTY COM'RS OF MARION COUNTY et al.**

6 Div. 302.

Supreme Court of Alabama.

April 16, 1938.

Bradley, Baldwin, All & White and Wm. Alford Rose, all of Birmingham, for appellant.

Arthur Fite, of Jasper, and Ernest Fite, of Hamilton, for appellees.

G. W. L. Smith, of Brewton, and Fleming & Paul, of Elba, amici curiæ.

GARDNER, Justice.

This case is governed in principle by the decision rendered in Herbert v. Perry, 177 So. 561, ante, p. 71, and upon that authority the decree is due to be affirmed.

Additional objections are presented to those considered in Herbert v. Perry, supra, but they have been discussed and determined in Isbell v. Shelby County, Ala.Sup., 180

So. 567,[1] this day decided. The discussion of all of these objections as found in this latter case is adopted as a part of this opinion so as to save reiteration thereof here.

This case differs from Isbell v. Shelby County, supra, in that this latter case contained the additional feature of Schedule 156.11 of the General Acts of 1935, pp. 441, 512, § 348, while the present case bears no relation to that particular statutory provision.

This same distinction existed between Herbert v. Perry, supra, and Lyon v. Shelby County, Ala.Sup., 177 So. 306.[2] The Herbert Case was rested upon the general power of the governing body of the county as set forth in section 1347, Code and the act of 1927, Gen. Acts 1927, pp. 348, 391, § 157, reiterating the same. The time limit of the statute is here likewise observed.

As to the public roads and bridges, the language of this statute is broad and comprehensive as we have stated in Isbell v. Shelby County, supra. We need not further stress the discussion of that power. It is broad enough to embrace contracts of this character, and, as we observed in the Isbell Case, there is no constitutional inhibition applicable thereto.

The good faith of the governing body of the county is not here questioned, and, as the statute grants such broad powers and vests in each body so large a discretion concerning the matter of public roads and bridges, it follows such governing body has also the right, in its sound judgment, to offer such warrants for sale at either public or private sale as may by such body be deemed to the best interest of the county.

In view of the adoption of the discussion found in the Isbell Case to that here presented, further elaboration is deemed unnecessary. Upon that authority, as well as Herbert v. Perry, supra, and Lyon v. Shelby County, supra, we think the proposed plan is to be approved.

But the form of the warrants is subject to the same criticism as pointed out in Isbell v. Shelby County, supra, and the discussion of that feature of the case is equally applicable here, and forms a part of this opinion without repetition.

The declaratory decree is to be therefore affirmed, but corrected in so far as it approves the form of the warrants proposed to be issued, which forms are to be corrected by eliminating therefrom the recitals here held to be objectionable, as unauthorized. As so corrected, the decree will stand affirmed.

Corrected and affirmed.

ANDERSON, C. J., and THOMAS, BOULDIN, FOSTER, and KNIGHT, JJ., concur.

BROWN, J., dissents.

