82 So.2d 428

Guy **ROLLINGS**

v.

**MARSHALL COUNTY** et al.

8 Div. 803.

Supreme Court of Alabama.

June 30, 1955.

Rehearing Granted Sept. 15, 1955.

Guy Rollings, pro se.

Scruggs & Scruggs, Guntersville, and Dumas, O'Neal & Hayes, Birmingham, for appellees.

White, Bradley, Arant, All & Rose, Wm. Alfred Rose and Ellene Winn, Birmingham, amici curiae, on application for rehearing.

## PER CURIAM.

This is an appeal from a decree of the Circuit Court, in equity, of Marshall County, validating certain described proposed revenue warrants of the county under authority of sections 169 et seq., Title 7, Code of 1940.

The county commission passed a resolution authorizing the issuance of warrants bearing interest at two per cent per annum. They are to be due semiannually to and including January 1, 1965, and to be payable solely out of a sinking fund there provided to be set up. The county obligates itself to pay into the sinking fund a sum sufficient for the payment of the principal and interest on the warrants as they mature, but solely out of (1) a privilege tax not exceeding one cent per gallon on gasoline as there provided under authority of an act of the legislature, said act being No. 385, approved August 26, 1953, Acts 1953, page 456, and (2) subject to a prior pledge thereof, the proceeds of the special tax of one-fourth of one percent on the value of taxable property in the county as authorized by section 215 of the Constitution and section 186, Title 12, Code, to pay debts, etc., for public buildings, bridges or roads, but only to the extent that the gasoline tax of one cent, *supra,* is not sufficient to pay the principal and interest on the bonds; and the county proposes to irrevocably pledge to such payment a sufficient amount of the proceeds of said special tax so agreed to be levied and collected. The warrants are declared to be in anticipation of the receipt of the above taxes. The full faith and credit of the county are not pledged to the payment of the warrants. For payment of such warrants the holders must look solely to the proceeds of the taxes pledged to the payment thereof. The county assigns and pledges for the benefit of the holders the sinking fund and so much of said specified taxes as may be necessary for that purpose.

The bill of complaint alleges that the assessed value of the taxable property in the county is $18,999,785, and that its general indebtedness is the sum of $163,600, not including claims payable solely out of its share of the State's six cents gallonage tax on gasoline, section 657, Title 51, as amended, pocket part Code, for which the county has issued revenue warrants so payable.

■ The inquiry involves Act No. 385 of August 26, 1953, and Amendment LXVI to the Constitution, which was proclaimed ratified January 15, 1948. That amendment authorizes the governing body of Marshall County, when empowered to do so by a majority of the qualified electors of the county voting in a referendum for that purpose, to levy and collect a county license tax of not exceeding three cents per gallon on gasoline, etc. The amendment, supra, provides that the proceeds of the gallonage tax shall be used exclusively for the "construction and maintenance of *hard surface* farm-to-market roads in the county". The Act No. 385, provides that the revenues derived from the tax or taxes authorized therein shall be paid into the county treasury, kept in a special fund, and appropriated for and used exclusively to pay for the building, construction and maintenance of farm-to-market roads and bridges on such roads.

The resolution of the county commissioners (section 2) provides that the proposed issue of warrants is "to provide funds to pay the indebtedness to be created for the purpose of constructing necessary farm-to-market roads and bridges on such roads". It does not prescribe hard surface roads as contained in the amendment. The Act No. 385 does not require the roads so constructed to be hard surfaced. The proposal of the county commissioners does not prescribe what the surface shall be. It is apparent therefore that the county does not wish to be confined to hard surface roads, but that it shall be at liberty to finish such roads with material not called "hard". The answer refers to the amendment, and alleges that there was a referendum under its provisions that was not favorable. The trial court so found.

■ We find the voters opposed to an additional gasoline tax which could be as much as three cents per gallon, when the

proceeds could be used to construct and maintain only hard surface roads. So that the plan here involved cannot be based upon the authority conferred by the amendment, *supra*.

■ The Act No. 385 limits the amount of the tax to one cent per gallon, and inferentially leaves it to the county commissioners to decide whether the roads to be constructed shall be hard surfaced or of soft material.

■ Of course valid legislation cannot be inconsistent with or prohibited by a constitutional provision, whether the latter is self-executing or prohibitory. The prohibition or limitation need not be expressed, but it is sufficient if such is the manifest implication from the tenor and spirit of all the provisions relating to the subject matter. Schultes v. Eberly, 82 Ala. 242, 2 So. 345. The legislative power under the Constitution of Alabama is otherwise supreme. Gunter v. Dale County, 44 Ala. 639; Perkins v. Corbin, 45 Ala. 103.

■ The county has no power to levy a license tax except as authorized by legislative grant. Jefferson County v. City of Birmingham, 248 Ala. 319, 27 So.2d 584. The legislature may grant that power. Standard Oil Co. v. Limestone County, 220 Ala. 231, 124 So. 523.

Therefore, the question is whether the amendment bound the county to a referendum when the county is not seeking the benefit of the amendment.

A constitutional provision is sometimes legislative in form and substance. Miller v. Marx, 55 Ala. 322, 331–334.

■ There is no reason to assume that the amendment here in question is more than self-executing legislation. It is in terms a grant of authority to the county. Whereas section 215 of the Constitution is in terms a limitation on the power of the legislature to grant authority to the county. Jefferson County v. City of Birmingham, supra. The constitutional grant is exclusive of legislation within the limits named,

as when the proposal is for the county to build hard surface farm-to-market roads.

■ It is our view that the county commissioners of Marshall County should not be held to be limited by the amendment, *supra*, to the construction of hard surface farm-to-market roads and to a referendum in order to be authorized to make a license charge of one cent a gallon on gasoline for soft surface road construction when there is a statute which does not so confine them and does not require a referendum, although the authority conferred by the constitutional grant is conditional upon the referendum but is limited in its application to hard-surfaced roads. The statute should not be construed as authorizing the use of the funds so raised for the construction of hard-surface roads.

Neither the Act No. 385 nor the amendment, *supra*, provides for the issuance of interest-bearing revenue warrants to be secured by and payable out of the revenue from the license tax so imposed.

■ But this Court has held that section 1347, Code of 1923 (which is section 43, Title 23, Code of 1940, as amended pocket part, and not prohibited by section 73 et seq., Title 12, Code) confers such power without special legislation on counties generally. Littlejohn v. Littlejohn, 195 Ala. 614, 71 So. 448; Lyon v. Shelby County, 235 Ala. 69, 177 So. 306; Herbert v. Perry, 235 Ala. 71, 177 So. 561; Burleson v. Marion County, 235 Ala. 576, 180 So. 572. See, also, Isbell v. Shelby County, 235 Ala. 571, 180 So. 567; Bullock County v. Sherlock, 242 Ala. 262, 5 So.2d 800; Cochran v. Marshall County, 242 Ala. 314, 6 So.2d 489.

So that, since the county will not thereby exceed its debt limit it has the right under Act No. 385 to assess a gallonage license tax of one cent to raise funds to construct and maintain soft surface farm-to-market roads, and may issue interest-bearing warrants and pledge for their payment the revenue to be so derived.

■ The special ad valorem tax of one-fourth of one percent provided by the sec-

ond proviso of section 215 of the Constitution is a constitutional limitation on legislation and does not grant to the counties the right to tax without an enabling act. Jefferson County v. City of Birmingham, 248 Ala. 319, 27 So.2d 584; Id., 251 Ala. 634, 38 So.2d 844. Such legislation has been enacted, sections 186 and 191, Title 12, Code.

It is thoroughly established by our decisions, and not here questioned, that the second proviso of section 215 of the Constitution authorizing the use of funds derived from the special road tax in paying the "debt or liability" there specified, has reference to such a debt or liability as will affect the limit of indebtedness described by section 224 of the Constitution. Southern Ry. Co. v. Jackson County, 189 Ala. 436, 66 So. 570; Littlejohn v. Littlejohn, 195 Ala. 614, 71 So. 448.

The material question, therefore, is to determine whether or not the proposed warrants will constitute a debt within the limit of liability under section 224, supra. If those warrants do not create such a debt, the Constitution does not authorize the use of funds derived from the special tax to pay them.

This Court held in Hagan v. Commissioner's Court of Limestone County, 160 Ala. 544, 49 So. 417, 37 L.R.A.,N.S., 1027, that the levy of a special tax under the second proviso of section 215, supra, as authorized by section 186, Title 12, Code, and the issuance of warrants payable out of such revenue in future years for the purposes there specified, constitute a debt within the meaning of sections 215 and 224, supra. So that a county which has reached its debt limit under section 224 cannot avail of the second proviso of section 215. Southern Ry. Co. v. Jackson County, supra; Littlejohn v. Littlejohn, supra.

We think it advisable to observe that this conclusion does not conflict with In re Opinion of the Justices, 230 Ala. 673, 163 So. 105; Isbell v. Shelby County, 235 Ala. 571, 180 So. 567; Lyon v. Shelby County, 235 Ala. 69, 177 So. 306. In those cases the question related to the portion of a state tax which was allocated by law to the counties. That did not in any respect tap a resource of revenue of the counties existing or potential, but it was merely a donation of state funds and, therefore, it was not influenced by the principle here given effect.

The result is that the proposal set out in the instant proceeding as it applies to section 215 of the Constitution is authorized by it and by section 186, Title 12, Code; and although it will create a debt for Marshall County that county will not on the showing here made thereby exceed its debt limit under section 224 of the Constitution.

The application for rehearing should be granted, and the decree of the lower court modified so as to limit the use of the proposed gallonage tax of one cent to the construction of soft surface farm-to-market roads, and that decree as thus modified should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, § 32, Code, and was adopted by the Court as its opinion.

Application for rehearing granted. Decree of the lower court modified and affirmed.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.