84 So.2d 490

### Hugh BENTLEY

v.

### COUNTY COMMISSION FOR RUSSELL COUNTY.

#### 4 Div. 841.

Supreme Court of Alabama.

Dec. 22, 1955.

Rehearing Denied Jan. 19, 1956.

Paul J. Miller, Phenix City, for appellant.

J. W. Brassell, Phenix City, and Wm. Alfred Rose, S. M. Bronaugh, Robt. R. Reid, Jr., and White, Bradley, Arant, All & Rose, Birmingham, for appellee.

**108**

LAWSON, Justice.

This is a taxpayer's suit brought in the circuit court of Russell County, in equity, against the County Commission for Russell County, the governing body of that county, to restrain and enjoin the respondent from issuing and selling interest-bearing warrants for the purpose of obtaining money with which to construct and maintain public roads and bridges.

Following a hearing where the testimony was taken orally before the court, a decree was entered dismissing the bill and taxing the costs against the complainant. From that decree complainant below has appealed to this court.

The last sentence in Equity Rule 56, as amended (see pp. 218–219, 1953 Cum. Supplement, Title 7, Code 1940, Act No. 33, approved May 21, 1943, General Acts 1943, p. 28) dealing with "Oral examination in open court", is as follows: "In any such case where appeal shall be taken the court trying the case must require the testimony to be transcribed in typewriting, *certified*

to by the stenographer, and *filed* in the cause." (Emphasis supplied.)

There is in the record what purports to be a transcript of the evidence presented on the trial below but it is not certified by the court reporter nor authenticated in any manner whatsoever.

█ The appeal is not subject to dismissal because of the failure of the court reporter to certify to his report of the proceedings. Central of Georgia R. Co. v. Hinson, 262 Ala. 223, 78 So.2d 286. Our opinion in the case of Garrard v. State ex rel. Waid, 260 Ala. 486, 71 So.2d 59, may be subject to the construction that an appeal will be dismissed because of such failure on the part of the court reporter, but it was not our intention to so hold. We did call attention to the fact that the court reporter had failed to comply with the requirements of Equity Rule 56, supra, but our holding that the appeal was subject to dismissal was based on the fact that there was no organization of court shown in the record and on the ground that the record did not contain the certificate required of the register by § 767, Title 7, Code 1940.

But because of the fact that the record before us does not contain the required certificate of the court reporter, the appeal must be treated as on the record proper. Central of Georgia R. Co. v. Hinson, supra; West v. Givens, 246 Ala. 395, 20 So.2d 710. All facts found by the trial court will be taken as true and we can only consider the facts so found and those which are admitted in the pleadings. Edge v. Bice, 263 Ala. 273, 82 So.2d 252.

██ It is well established that under the general law a large discretion is vested in the county governing bodies concerning the matter of public roads and bridges. § 43, Title 23, Code 1940, as amended; Burleson v. Court of County Commissioners of Marion County, 235 Ala. 576, 180 So. 572; Isbell v. Shelby County, 235 Ala. 571, 180 So. 567; Potts v. Court of Commissioners of Conecuh County, 203 Ala. 300, 82 So. 550; Ensley Motor Car Co. v. O'Rear, 196 Ala. 481, 71 So. 704; O'Rear v. Sartain, 193 Ala. 275, 69 So. 554; Henry v.

Rogers, 19 Ala.App. 376, 97 So. 427. The County Commission for Russell County is vested with the same authority, power and duties in regard to the matter of roads and bridges as are the courts of county commissioners under the general law. Act No. 520, approved August 30, 1949, Acts 1949, p. 776.

■ The warrants involved are not to be a charge on the general credit of the county, and so expressly disclose on their face, but are payable solely from the funds receivable by Russell County from the gasoline tax levied by the State under the provisions of § 647, Title 51, Code 1940, as amended, and distributable under the terms of § 655 and amended § 657, Title 51, Code 1940. We have repeatedly held that the counties of this state have the right to issue and sell such warrants for the purpose of obtaining money with which to construct and maintain public roads and bridges. Lyon v. Shelby County, 235 Ala. 69, 177 So. 306; Herbert v. Perry, 235 Ala. 71, 177 So. 561; Isbell v. Shelby County, supra; Burleson v. Court of County Commissioners of Marion County, supra; Dodson v. Beaird, 237 Ala. 587, 187 So. 862; Bullock County v. Sherlock, 242 Ala. 262, 5 So.2d 800; Cochran v. Marshall County, 242 Ala. 314, 6 So.2d 489; Rollings v. Marshall County, 263 Ala. 317, 82 So.2d 428.

■ The proposed warrants do not fall within any constitutional prohibition inasmuch as they do not affect the general revenue of the county nor the proceeds of any levy by the county for special county purposes under the constitution. Isbell v. Shelby County, supra, and cases cited.

■ In § 647, Title 51, Code 1940, as amended, is the following provision: "However, the governing body of each county is authorized to expend an amount not to exceed one-third of the total amount of such revenue that may be received by such county in the payment of any debt that may have been incurred by such county for the construction or maintenance of roads or bridges." The provision just quoted is not a limitation on the use of the gasoline tax fund, rather it is an enlargement of the other provisions of § 647, as amended, supra, that the gasoline tax fund "shall not be used for any purpose other than for the construction, improvement, maintenance and supervision of highways, and bridges and streets, including the retirement of bonds for the payment of which such revenues have been or may hereafter be pledged." See Cochran v. Marshall County, supra, where there is a full discussion of the purpose and effect of the provisions of § 647, as amended, supra, quoted above.

■ Reduced to its final analysis, this is really a suit wherein a taxpayer seeks to restrain by injunction the exercise of discretionary power of county officials. Our cases are to the effect that the action of a county governing body in the exercise of discretionary powers vested in it is not subject to judicial review except for fraud, corruption or unfair dealing. Terrell v. Marion County, 250 Ala. 235, 34 So.2d 160; Board of Revenue of Etowah County v. Hutchins, 250 Ala. 173, 33 So.2d 737; Potts v. Court of County Commissioners of Conecuh County, supra; Ensley Motor Co. v. O'Rear, supra; O'Rear v. Sartain, supra; Matkin v. Marengo County, 137 Ala. 155, 34 So. 171. See State ex rel. Austin v. City of Mobile, 248 Ala. 467, 28 So.2d 177; Van Antwerp v. Board of Commissioners of City of Mobile, 217 Ala. 201, 115 So. 239; Pilcher v. City of Dothan, 207 Ala. 421, 93 So. 16; Townsend v. McCall, 262 Ala. 554, 80 So.2d 262; Henry v. Rogers, supra.

Counsel for complainant below recognizes this rule, as is made to appear from the following statement contained in brief filed here on behalf of complainant: "The basis for the complaint and amendment being that the necessity for the above amount of money did not exist at this time and that the necessity for roads valued in the above amount did not exist at this time, and that should these warrants be issued by the appellees as now threatened it would be a fraud upon the taxpayers of Russell County, Alabama, and upon your complainant, and would cause irreparable

injury, or that such action on the part of appellees is gross neglect of duty and that the said appellees should be enjoined and restrained from such sale as proposed."

 The trial court found that the complainant failed to meet the burden which was upon him to establish fraud, corruption or unfair dealing and hence dismissed his bill. As heretofore indicated, we must review this appeal as if on the record and when so reviewed we cannot disturb the finding of the trial court that the evidence did not show fraud, corruption or unfair dealing on the part of the respondent in connection with the proposed issuance and sale of the warrants here involved.

In treating the case in this manner, as we are compelled to do, we do not wish to be understood as indicating that a consideration of the proceedings set out in the record but not certified would lead to any different result.

The decree of the circuit court is due to be and is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.