143 So.2d 813

**TAXPAYERS AND CITIZENS OF LAWRENCE COUNTY**

**v.**

**LAWRENCE COUNTY et al.**

**8 Div. 97.**

Supreme Court of Alabama.

July 12, 1962.

Rehearing Denied Aug. 30, 1962.

Thos. C. Pettus, County Sol., Moulton, and J. O. Sentell, Jr., Montgomery, for appellants.

R. L. Almon, Moulton, Harry R. Teel, Wm. Alfred Rose and White, Bradley, Arant, All & Rose, Birmingham, for appellees.

**640**

GOODWYN, Justice.

This is a warrant validation proceeding brought in the circuit court of Lawrence County, in equity, by Lawrence County and its governing body, the Board of Revenue of said county, appellees here, against the taxpayers and citizens of said county, appellants here, under the provisions of Code 1940, Tit. 7, §§ 169 to 176, as amended. The appeal is from a decree validating the warrants. Our conclusion is that the decree is due to be affirmed.

The question of paramount concern is whether the Board of Revenue has authority to issue the proposed refunding warrants. Another point insisted on relates to the trial court's finding that the issuance of such refunding warrants does not constitute constructive fraud.

*As to the Board's Authority to*
*Issue the Warrants*

The warrants are designated in the Board's authorizing resolution as "State Gasoline Tax Anticipation Refunding Warrants, Series 1961A," and are in the aggregate principal amount of $1,175,000. They are to be issued in exchange for outstanding warrants of the same amount maturing prior to the year 1968, on a warrant-for-warrant basis. The refunding warrants, like those outstanding, are payable, both as to principal and interest, solely out of the county's distributive portion (under Code 1940, Tit. 51, §§ 655 and 657, as amended) of the gasoline tax levied by the state (under Code 1940, Tit. 51, § 647, as amended) and are not general obligations of the county. No question is presented as to the validity of the outstanding warrants. The refunding warrants are to be in the denomination of $1,000 each (as are the outstanding warrants), to be numbered consecutively from 1 to 1,175, inclusive, to be dated October 1, 1961, and a portion thereof are to mature in each of the years 1970 through 1980 with the first date of maturity being April 1, 1970, and the last April 1, 1980.

The outstanding warrants were issued at various times between August 15, 1952, and April 1, 1959, for the purpose of constructing, maintaining and improving public roads and bridges in the county. With respect to the refunding warrants, the Board, in its authorizing resolution, included, among its findings and determinations, the following:

"Section 1(c). The installments of principal and interest which will mature on the outstanding warrants prior to the year 1968 are so great that the amounts which will remain each year out of the distributions to the county from the State tax, * * * when added to all other revenues of the county * * * will not be sufficient to maintain the existing public roads and bridges of the county in good condition. In consequence thereof, the said existing roads and bridges in the county will rapidly deteriorate and new roads and bridges cannot be constructed unless additional funds are made

available for said purposes * * *. Additional funds can be made available for said purpose * * * if the principal installments of the outstanding warrants which will mature prior to the year 1968 should be extended so that the same principal maturing prior to the year 1968 will mature at later dates * * *. Such an extension * * * can be effected by refunding the same in the manner hereinafter provided. The board is of the opinion that it will be to the best interest of the county and its citizens, as well as the public generally, if such refunding is effected."

Code 1940, Tit. 23, § 43, as amended by Act No. 729, appvd. Sept. 17, 1953, Acts 1953, Vol. II, p. 984, provides that the governing bodies of the several counties of the state "have general superintendence of the public roads, bridges and ferries within their respective counties so as to render travel over the same as safe and convenient as practicable"; that "to this end they have legislative, judicial, and executive powers, except as limited in this chapter"; that they "are courts of unlimited jurisdiction and powers as to the construction, maintenance and improvement of the public roads, bridges and ferries in their respective counties, except as their jurisdiction or powers may be limited by the local or special statutes of the state"; and that they may "make and enter into such contracts as may be necessary, or as may be deemed necessary or advisable by such courts, or boards, to build, construct, make, improve and maintain a good system of public roads, bridges and ferries in their respective counties." It also provides that "no contract for the construction or repair of any public roads, bridge or bridges, shall be made where the payment of the contract price for such work shall extend over a period of more than twenty years." (The 1953 amendment changed the period referred to in the last quoted provision from ten years to twenty years. In other respects, § 43 has remained un-changed since adoption of the 1940 Code, and its predecessor statutes were practically the same. See: Act No. 505, § 1, appvd. Sept. 22, 1915, Gen.Acts 1915, p. 573; Act No. 347, § 157, appvd. Aug. 23, 1927, Gen. Acts 1927, pp. 348, 391; Code 1923, § 1347.)

It has been held that warrants payable solely from a county's distributive part of the state gasoline tax "do not fall within any constitutional prohibition" (Isbell v. Shelby County, 235 Ala. 571, 573, 180 So. 567, 569; Lyon v. Shelby County, 235 Ala. 69, 71, 177 So. 306; Herbert v. Perry, 235 Ala. 71, 72, 177 So. 561; In re Opinion of the Justices, 230 Ala. 673, 163 So. 105), and are not bonds or debts of the county (Littlejohn v. Littlejohn, 195 Ala. 614, 617, 71 So. 448; Cochran v. Marshall County, 242 Ala. 314, 319, 6 So.2d 489). Accordingly, whether the refunding warrants may be issued depends upon whether the legislature has given the county authority to that end.

This court has held that a county's governing body, under the provisions of § 43, Tit. 23, supra, can contract for payment of the cost of constructing, improving, and maintaining roads and bridges by issuing interest bearing warrants payable solely out of the county's distributive part of the state gasoline tax, and that such warrants are not prohibited by the county financial control act (Code 1940, Tit. 12, Chap. 6, § 78). Cochran v. Marshall County, 242 Ala. 314, 6 So.2d 489, supra; Isbell v. Shelby County, 235 Ala. 571, 180 So. 567, supra.

Our real problem is to determine, first, whether there is authority for issuing refunding warrants of the character here involved and, second, if so, whether the maturity dates of some of such refunding warrants may be fixed at a time more than twenty years after issuance of the outstanding warrants for which they are to be exchanged.

Appellees take the position, in which we concur, that what was said in Dodson v. Beaird, 237 Ala. 587, 590, 187 So. 862,

calls for an affirmative answer to these questions. Appellants, on the other hand, argue that § 81, Tit. 12, Code 1940, and Act No. 308, appvd. June 28, 1943, Gen. Acts 1943, p. 279 (§ 81(1), Tit. 12, Recompiled Code 1958), are the only authority for refunding outstanding warrants of the character here involved; that these statutes authorize a refunding only with respect to such warrants outstanding on the effective dates of such laws; that the warrants to be refunded in the instant case were issued (between 1952 and 1959) after the effective dates of said statutes and, hence, cannot be refunded.

Assuming, without deciding, that § 81, Tit. 12, and Act No. 308 relate to warrants of the character here involved, we entertain the view that such enactments were not intended to take away the authority given by § 43, Tit. 23. Certainly, there is nothing in either § 81 or Act No. 308 indicating a clear intent to repeal any authority given by § 43. "Repeal by implication is not favored. It is only when two laws are so repugnant to or in conflict with each other that it must be presumed that the Legislature intended that the latter should repeal the former." State v. Bay Towing & Dredging Company, 265 Ala. 282, 289, 90 So.2d 743, 749; City of Birmingham v. Southern Express Co., 164 Ala. 529, 538, 51 So. 159.

In Dodson v. Beaird, supra, it is said:

"In Isbell v. Shelby County, 235 Ala. 571, 180 So. 567, it was held that counties had authority to issue and dispose of interest bearing warrants for highway construction purposes and no reason occurs to us, and none has been suggested, why the proceeds of the sale of such warrants may not be used to refund warrants of like character issued by the Board of Finance and Control under the former Local Acts."

The statute dealt with in Isbell v. Shelby County, supra, was § 1347, Code 1923, the predecessor of § 43, Tit. 23, Code 1940. As already noted, the two statutes are practically the same, except as to a change in the contract period from ten to twenty years. It seems obvious, therefore, that the court, in Dodson v. Beaird, had § 1347 under consideration.

An examination of the record in Dodson v. Beaird reveals that the maturity date of some of the refunding warrants was more than ten years (that being the prescribed period at that time) after the date of issue of the outstanding warrants to be refunded. All of the refunding warrants in the instant case mature within twenty years after their date. On the authority of Dodson v. Beaird we hold that the county is not precluded from issuing refunding warrants even though some of them mature more than twenty years after issuance of the outstanding warrants for which they are to be exchanged.

### As to Constructive Fraud

 There can be no question that the burden was on respondents (appellants) to establish constructive fraud in the issuance of the proposed refunding warrants. It has been held many times that the action of a county governing body, in the exercise of discretionary powers vested in it, is not subject to judicial review except for fraud, corruption or unfair dealings. Bentley v. County Commission for Russell County, 264 Ala. 106(7), 84 So.2d 490, and cases there cited; Van Antwerp v. Board of Commissioners of City of Mobile, 217 Ala. 201, 115 So. 239. The evidence in this case was taken ore tenus and the usual presumption in favor of the trial court's findings from the conflicting tendencies of evidence so taken calls for an affirmance of its finding on the issue of constructive fraud. From a full consideration of the evidence we certainly cannot say that such finding was plainly and palpably wrong.

The decree appealed from is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.