321 So.2d 191

Gaston Leroy HUDSON

v.

COFFEE COUNTY, Alabama, etc., et al.

SC 1256.

Supreme Court of Alabama.

Sept. 18, 1975.

Rehearing Denied Nov. 6, 1975.

714

Francis H. Hare, Jr., Birmingham, for appellant.

Cassady & Fuller and Rowe & Rowe, Enterprise, G. A. Lindsey, Elba, for appellees.

SHORES, Justice.

The trial court granted defendants' motion to dismiss plaintiff's complaint in which he alleged that on January 19, 1972, the defendants were in charge or control of a bulldozer and a truck (sometimes known as a "lowboy"); that the defendants entered into an agreement regarding the use and operation of said equipment whereby the defendants leased or bailed, for a valuable consideration, said equipment for the purpose of moving dirt and making other improvements on the farm owned by the plaintiff's father.

After having completed part of the contracted work, the defendants attempted to load the bulldozer onto the lowboy to move it to another part of the farm for the purpose of performing further work.

While attempting to load the bulldozer onto the lowboy, the lowboy moved or rolled forward and ran over or struck the plaintiff causing him permanent injuries. The plaintiff claimed that the defendants were negligent in their control and operation of the bulldozer and the truck, and that they breached their contract in failing to exercise due care to provide and operate the equipment in a reasonably safe manner.

The defendants are Coffee County, its Probate Judge, Commissioners in their official and individual capacities, and agents. In granting the defendants' motion to dismiss, the trial court observed:

"A county is a governmental agency of the State and is chargeable with and liable for only those claims and demands which law imposes upon them. It can act only through agents. The agents must confine their acts within the limits of their powers in order to bind the county. The office of County Commissioner, Judge of Probate and the County Commission are creatures of the legislature. The limitation of the powers of such officers and commission is within the discretion of the legislature. If the Judge of Probate, the Commissioner, or the County Commission in the exercise of ministerial powers as agents of the county exceed the limits of their power, the acts are void. Such acts cannot be made the basis of legal liability of the county.

"A county is not liable to an individual for negligent injury sustained as a result of performance of governmental functions in the absence of a constitutional provision or statute expressly declaring liability. When the function of the county in question is proprietary in its character, and such function is authorized by law, the county is liable to suit for the negligence of its agents in the exercise of their duties.

"The plaintiff alleges in the last paragraph of its [sic, his] claim for relief that 'the defendants were then and there engaged in a proprietary function' but omits an essential element of the claim for relief. The essential element omitted is that the proprietary function was authorized by law. Therefore, the court is of the opinion the claim for relief is fatally defective and grounds of the motions to dismiss properly point out the defect."

The court denied the motion to dismiss of each individually named defendant, in their individual capacities. This appeal is from that judgment.

This case was submitted in this court on August 6, 1975. The appellant devotes the major portion of his brief to an appeal to abolish the defense of governmental immunity in tort actions as to counties. This

court did just that in *Lorence v. Hospital Board of Morgan County*, 294 Ala. 614, 320 So.2d 631 (1975), but limited the rule of that case and to similar causes of action arising thereafter. The decision to give that case, as well as two others decided on the same date (*Jackson v. City of Florence et al.*, 294 Ala. 592, 320 So.2d 68, and *Harris v. Board of Water & Sewer Commissioners of City of Mobile*, 294 Ala. 606, 320 So.2d 624, so-called quasi-prospective application was not ·made hastily. Although urged to do so by many amicus curiae briefs filed in opposition to applications for rehearings in those three cases, this court declined to alter their quasi-prospective application.

As sympathetic as we are with the appellant's plight, we think it would be unwise to disturb a decision so recently and carefully reached.

Therefore, we must look to the law as it existed prior to *Lorence*, supra. Although the majority of this court who concurred in *Lorence* concluded the rule of county immunity to be unjust, there is little debate about what the rule was. In so far as counties are concerned, to be distinguished from municipal corporations, there are no cases from this court holding that a county is liable for torts committed while acting in a proprietary capacity. One opinion contains language suggesting that such was the᠎ rule, assuming that there was a statute authorizing the county to perform the acts from which the tort arose. In *Laney v. Jefferson County*, 249 Ala. 612, 614, 32 So.2d 542, 543 (1947), which involved a wrongful death action brought against the county claiming that its agents, in the operation of a county hospital, negligently caused the death of plaintiff's intestate, the late Chief Justice Livingston said:

"While each count alleged that Jefferson County operated the Jefferson Hospital ·as a proprietary institution, such allegation would not be admitted if the county did not possess the legal authority so to do. A county is a 'governmental auxiliary or agency possessing no power and subjected to no duty not originating from the statute creating it.' *Askew v. Hale County*, 54 Ala. 639, 25 Am.Rep. 730. The question of whether the county is operating a proprietary institution is controlled by statutes which authorize it. Therefore the demurrer does not admit that the county was so engaged for that is a conclusion of law which a demurrer does not admit. . . .

" . . .

"But when the operation in question is proprietary in its character, *and as such authorized by law,* it is liable to suit for torts committed by its agents in the exercise of their duties as such. [Citations Omitted]." (Emphasis Supplied)

In commenting on county immunity in Alabama, Messrs. Copeland and Screws, "Governmental Responsibility for Tort᠎in Alabama," 13 Ala.L.Rev. 296, 311, 312, observed:

"As a simplified proposition, a county is not civilly liable for contracts, debts, or torts where the obligation arose in an area where the county had no statutory authorization to act.

"An examination of the cases reveals that before a county can act in a certain field, the authority to act must arise from an *express* statute and be somewhat *specifically* conferred.

" . . . There must be an *express* and *precise* statute creating responsibility for tortious injuries inflicted by the county engaged within ·an ·authorized function, while for contracts, debt and other property responsibility within the same authorized function, no such liability statute is necessary.

" . . .

"Before liability attaches to a county for tortious conduct, there must be the following three prerequisites:

"(1) The act must be committed by an employee within the scope of his authority;

"(2) The act must be pursuant to the discharge of a duty or function expressly and specifically conferred on the county by the Legislature;

"(3) The Legislature must have *expressly* placed liability on the county for the negligent performance or nonperformance of the duty or function."

These writers went on to say that as of 1961, they could find no case wherein a county function which resulted in tortious injury had been held to be corporate. We find none as of 1975, and our study of the cases leads us to conclude that the three enumerated elements were essential, prior to *Lorence,* supra, to state a claim against a county upon which relief could be granted. We find no error in the trial court's holding that, absent an allegation that the county in this case was discharging a duty expressly authorized by the legislature, the plaintiff failed to state a claim upon which relief could be granted.

The only remaining error urged by the appellant is the trial court's granting the defendants' motion to dismiss his contract claim.

We appreciate that the existence of governmental immunity as a defense resulted in litigants attempting to plead around that defense by alleging a contract action where no such effort would have been undertaken but for the defense of governmental immunity. *Green v. Hospital Building Authority of City of Bessemer,* 294 Ala. 467, 318 So.2d 701 (1975), was a recent effort which was not successful. As the opinion in that case explains, specific terms in the contract requiring the exercise of reasonable care in its performance must be averred. It is insufficient to allege merely that the defendant impliedly contracted to use reasonable care.

In the instant case, the allegation is that the defendants impliedly or expressly contracted to exercise due care to provide equipment in a reasonably safe condition and to otherwise conduct the movement and operation of the equipment in a reasonably safe manner. As *Green,* supra, points out, such general averments amount to nothing more than a breach of duty imposed by law, giving rise to an action in tort.

*Lorence,* supra, has now eliminated the necessity for attempting to convert tort claims into the contract actions to circumvent governmental immunity as to counties; but, as we have concluded that the holding in that case is applicable only to causes of action arising subsequent to the date thereof, we are compelled to hold that *Green,* supra, controls and precludes recovery on the contract theory in the instant case.

The judgment appealed from is, therefore, affirmed.

Affirmed.

BLOODWORTH, FAULKNER, JONES and ALMON, JJ., concur.

MERRILL and MADDOX, JJ., concur in the result.

EMBRY, J., concurs in part and dissents in part.

HEFLIN, C. J., not sitting.

EMBRY, Justice (concurring in part and dissenting in part):

I concur to affirm the judgment below. However, I dissent from, and disagree with, that portion of the opinion where it is stated:

"* * * The appellant devotes the major portion of his brief to an appeal to abolish the defense of governmental immunity in tort actions as to counties. This court did just that in *Lorence v. Hospital Board of Morgan County,* 294 Ala. 614, 320 So.2d 631 (1975) * * *"

In that case the action was against a public corporation organized by the county

pursuant to statutory authority, as pointed out in my separate opinion. The Hospital Board, by virtue of the statute giving it life, was amenable to suit ex delicto and ex contractu. In this case the *county* of Coffee could not be amenable to suit, either ex delicto or ex contractu, for the simple reason that there had never been a legislative grant of authority ·made to it that permitted the· actions in which it was engaged nor the authority to enter into the agreement pertaining to those actions, from either or both of which the suit arose. ·

As to that portion of the opinion which makes reference to *Green v. Hospital Building Authority of City of Bessemer*, my views are expressed, as well as ability permits, in the dissent voiced there. Therefore, there is no need to reiterate here.