384 So.2d 1 (1980)
Bobby D. COOK, as Administrator, etc.
v.
COUNTY OF ST. CLAIR, et al.
Corinda BRADSHAW et al.
v.
HOUSTON COUNTY, Alabama, etc., et al.
78-623, 78-776.
Supreme Court of Alabama.
April 4, 1980.
Rehearing Denied May 23, 1980.
*2 Douglas Burns, of Burns, Shumaker & Davis, Gadsden, for appellant Bobby D. Cook.
G. M. Harrison, Jr., of Merrill & Harrison, Dothan, for appellants Corinda Bradshaw and Pat Bradshaw.
F. Michael Haney and James C. Inzer, Jr., of Inzer, Suttle, Swann & Stivender, Gadsden, for appellee County of St. Clair, etc.
Herman Cobb, of Buntin & Cobb, Dothan, for appellees Houston County, Alabama, etc., et al.
Rehearing Denied in 78-623, May 23, 1980.
FAULKNER, Justice.
These consolidated appeals are from judgments by the Circuit Courts of St. Clair and Houston Counties, dismissing claims against St. Clair County and Houston County, and their respective county commissions and commissioners individually for injuries resulting from the alleged negligent and wanton maintenance of public roads. We reverse, except as to that portion of the St. Clair Circuit Court's order dismissing the actions as to the county commissioners individually.

I.

Case No. 78-623
On April 12, 1977, Bobby Cook's wife, Dianne, and son, John, were passengers in a pick-up truck being driven by Darlene Corbin on County Road No. 22 (Shoal Creek Road) near its intersection with County Road No. 26 outside Ashville in St. Clair County. At this intersection the stop sign stopping traffic on County Road No. 22 had been knocked down, and therefore, was not visible from the road. It was alleged that the county commissioners had known for a long time that the sign was down. Ms. Corbin did not see the stop sign and drove into the intersection, colliding with a school bus driven by Peggy Sanders. Mrs. Cook and John were killed. Mr. Cook filed the required claim for damages with St. Clair County. The county commissioners failed to act on the claim and this suit was filed against the County, the county commission, and the county commissioners in their official and individual capacities, and Darlene Corbin. All of the defendants except Darlene Corbin filed a motion to dismiss, which the court treated in the alternative as a motion for summary judgment. The motion asserted that the County and its agents were protected by governmental immunity from actions ex delicto. The motion to dismiss and/or the motion for summary judgment was granted. Mr. Cook appeals.

II.

Case No. 78-776
On July 15, 1978, Corinda Bradshaw was driving a car owned by her husband, Pat Bradshaw, on Fortner Street Extension, a street owned and maintained by Houston County. Mrs. Bradshaw allegedly struck a pothole in the road, causing her vehicle to collide with a dirt embankment, resulting in injuries to her. Mr. and Mrs. Bradshaw filed a claim against Houston County pursuant to Code 1975, §§ 11-12-5 and 11-12-8. The Houston County Commission did not act on this claim, and the Bradshaws filed suit alleging negligent and wanton failure to maintain the street in a reasonably safe condition. Houston County, the county commission, and the county commissioners in their official capacities, filed an ARCP 12(b)(6) motion to dismiss. The motion was granted by the trial court. The Bradshaws appeal.

III.
These cases present the issue of the general tort liability of a county, its county commission, and county commissioners. Mr. Cook, and the Bradshaws, contend that the county, its governing body and officials cannot assert governmental immunity as a bar to actions against them for defectively maintained roads, either expressly or implicitly as the result of this Court's decision *3 in Lorence v. Hospital Board of Morgan County, 294 Ala. 614, 320 So.2d 631 (1975). The respective counties, commissions, and commissioners assert that the effect of Lorence was not to abolish the counties' general immunity from tort actions where there is no express language allowing suit against the county in the specific statute dealing with the county function involved. They contend in this instance that there is no "may be sued" language in Code 1975, § 23-1-80, providing that the county commission is charged with superintendence of public roads.
The judicially developed doctrine of governmental immunity for counties and municipalities has existed in Alabama for many years. Although the courts of this State formulated the corporate-governmental distinction as the basis for allowing cities and counties to be sued for their tortious conduct, this distinction was applied to municipalities permitting them to be sued for torts committed in the performance of their proprietary or corporate functions but never applied to counties. A county, an involuntary political subdivision of the state having state powers and duties, was liable for negligence in the performance or nonperformance of these governmental duties only where a statute expressly provided for such liability, and where the county employee acted within the scope of his authority in discharging a duty expressly, and specially, conferred on that county by the legislature. See Copeland and Screws, Governmental Responsibility for Tort in Alabama, 13 Ala.L.Rev. 296 (1961). This State, however, has had a statute continuously since 1852, presently codified as Code 1975, § 11-1-2, that provides, "Every county is a body corporate with power to sue or be sued in any court of record."
The demise of the doctrine of governmental immunity in tort proceedings was instigated in Jackson v. City of Florence, 294 Ala. 592, 320 So.2d 68 (1975), where this Court abolished the doctrine of municipal immunity quasi-prospectively, recognizing that the legislature had provided for tort actions against cities and towns in 1907, and that the corporate-governmental distinction was purely court-created and could be removed by the court. In Lorence v. Hospital Board of Morgan County, the holding of which is the crux of the dispute between the parties in the present case, governmental immunity in the context of a county hospital was presented. Justice Jones, speaking for the Court, discussed not only Tit. 22, § 204(24), Code of Ala.1940 (Recomp. 1958), that allowed a county hospital board "to sue and be sued and to defend suits against it; ..." but also Tit. 12, §§ 3 and 115, and Tit. 7, § 96, Code of Ala.1940 (Recomp. 1958), permitting the county "to sue or be sued" and providing for the claim procedure before suit was brought. He stated, however, that the issue of a county's general liability was not before the Court, that what was before it was the immunity of a county hospital board, and held that because the statute authorizing the creation of the boards expressly provided for suits against them, county hospital boards no longer had immunity from tort actions.
Hudson v. Coffee County, 294 Ala. 713, 321 So.2d 191 (1975), submitted after Lorence, concerned a personal injury complaint filed against the county, the probate judge, the commissioners as individuals and officials, and agents, for negligence in the loading of a bulldozer onto a lowboy leased by the county to the Hudsons, and operated by county employees. In that case the Court remarked that the defense of governmental immunity in tort actions against counties had been abolished in Lorence, but that the decision was limited to that case and causes of action arising thereafter; thus it had to consider pre-Lorence law, and held that dismissal of the Hudson claim was proper.
The status of the general immunity of a county from tort actions was somewhat unclear as a result of certain language in Lorence and Hudson. Although subsequent cases dealing with immunity for governmental entities have not presented us squarely with the issue of whether the general sovereign immunity of a county still exists, an analysis like that of Lorence has *4 been used in the cases involving county boards of education.
In Sims v. Etowah County Board of Education, 337 So.2d 1310 (Ala.1976), a suit by a spectator at a high school football game, for injuries sustained when the stands where she was seated collapsed, Justice Beatty, speaking for the Court, distinguished the language of the statute governing county hospital boards interpreted in Lorence from Tit. 52, § 99, Code of Ala.1940 (Recomp. 1958), creating the powers of a county board of education, stating that "It may sue and contract, ...." The premise of tort liability in Lorence was statutory authorization, while in Tit. 52, § 99 there was no express legislative authorization for actions against the county board of educationno "may be sued" language; thus, whether tort actions could be brought against the board was a matter for judicial decision. The majority in Sims determined that without the additional statutory language, a negligence action could not be maintained, but counts based on the board's contractual undertaking to furnish a safe place to watch athletic contests could be maintained. The dissenting justices stated that county boards of education had been held to have the implied right to be sued within the scope of their corporate powers.
In Board of School Commissioners of Mobile County v. Caver, 355 So.2d 712 (Ala. 1978), a student injured by a county school bus while standing in the school yard brought a suit for negligence, and the trial court entered an interlocutory order that the Mobile County School Board was not immune from tort proceedings. Section 270 of Article XIV of the Alabama Constitution indicated that the Mobile County school system was to be treated differently from other school boards in the state. Act No. 480 (the most recent amendatory act regulating Mobile County public schools at the time of the case) provided that the Mobile County School Board was a body corporate and "may sue and be sued." Justice Bloodworth, writing for the Court, stated that Sims and Enterprise City Board of Education v. Miller, 348 So.2d 782 (Ala.1977), held that sovereign immunity for boards of education would be based on the statutes involved. If there was only "may sue" language and no "be sued" language, there was immunity from suits in tort. Act No. 480 contained the language "may sue and be sued"; thus, the Mobile County School Board could be sued in tort. On the basis of the holding in Jackson and language in Lorence, the Court held whether the act causing the injury was performed in the board's corporate or proprietary capacity, as opposed to its governmental capacity, was immaterial.
Section 11-1-2, Code 1975, provides, "Every county is a body corporate, with power to sue or be sued in any court of record." This provision contains the words "be sued" which this Court has stated in Lorence, Sims, and Caver to be essential to a determination of statutory authorization of suits against a governmental entity. By its inclusion of such language in this provision and in predecessor statutes as early as 1852, the legislature has indicated that counties are not to be immune from suit because they are governmental entities. This was reaffirmed by legislation limiting liability in tort cases against counties and municipalities enacted May 23, 1977, and contained in Act 673, page 1161 of Volume 2, Acts of Alabama 1977;
"Section 2. The recovery of damages under any judgment against a governmental entity shall be limited to $100,000.00 for bodily injury or death for one person in any single occurrence. Recovery of damages under any judgment or judgments against a governmental entity shall be limited to $300,000.00 in the aggregate where more than two persons have claims or judgments on account of bodily injury or death arising out of any single occurrence. Recovery of damages under any judgment against a governmental entity shall be limited to $100,000.00 for damage or loss of property arising out of any single occurrence. No governmental entity shall settle or compromise any claim for bodily injury, death or property damage in excess of the amounts hereinabove set forth." *5 We refer to this statute because of its showing of a legislative intent, and for that reason only.
There is no restriction to the type of suit that may be brought against the county  tort or contract. The only requirements that must be met regarding a suit against a county are set out in §§ 6-5-20(a), 11-12-5, 11-12-6, and 11-12-8, Code 1975 requiring presentment of an itemized, verified claim, to the county commission within twelve months of accrual, and acted on within ninety days prior to commencement of the suit. This Court has determined in Jackson, Lorence, and Caver that the corporate-governmental function distinction is no longer a viable requirement for actions against counties and municipalities.
The county as a corporate entity, like any other corporation, may act only through its officers, the county's governing body, the county commission.
We hold that § 11-1-2 allows suits against counties, and their governing bodiesthe county commissions and commissionersin their official, but not in their individual capacity in tort irrespective of any corporate-governmental function distinction. Therefore, we reverse the trial courts' orders granting the defendants' motions to dismiss, except as to that portion of the St. Clair Circuit Court's order dismissing the action against the county commissioners individually.
REVERSED AND REMANDED as to the Houston County action. AFFIRMED IN PART; and REVERSED IN PART and REMANDED as to the St. Clair County action.
JONES, ALMON, SHORES and BEATTY, JJ., concur.
MADDOX, J., concurs specially.
TORBERT, C. J., concurs in part, and dissents in part.
BLOODWORTH and EMBRY, JJ., not sitting.
MADDOX, Justice (concurring specially).
I was strongly inclined to register my dissent in this case, but had I dissented, I would have stood alone, and I see no useful purpose in continuing to express a dissenting view when I know that the other members of this Court are committed to a contrary opinion. My views on the extent and scope of "governmental immunity" in Alabama were clearly stated in Hutchinson v. Board of Trustees of University of Alabama, 288 Ala. 20, 256 So.2d 281 (1971), and in the dissenting opinions of Justice Merrill in Jackson v. City of Florence, 294 Ala. 592, 320 So.2d 68 (1975), and Lorence v. Hospital Board of Morgan County, 294 Ala. 614, 320 So.2d 631 (1975). I refer the reader to those opinions.
My prior views of "governmental immunity" were based upon a sincere belief that if "governmental immunity" was to be abolished, the legislative branch was the appropriate branch to abolish it. In Lorence, supra, Justice Merrill suggested that the legislature could change the effect of that decision. Because the legislature did not change the effect of Lorence, and because I feel compelled to follow the precedent this Court, as presently constituted, has now established, I concur in the result. See Mr. Justice Black's special concurrence in Morgan v. Virginia, 328 U.S. 373, 66 S.Ct. 1050, 90 L.Ed. 1317 (1946), where he said: "In view of the Court's present disposition to apply that formula, I acquiesce."
TORBERT, Chief Justice (concurring in part, dissenting in part).
The majority holds "that § 11-1-2 allows suits against counties, and their governing bodiesthe county commissions and commissionersin their official, but not in their individual capacity in tort irrespective of any corporate-governmental function distinction." I concur in the majority holding insofar as it applies to the counties themselves. I dissent from the opinion of the majority insofar as it applies to the county commission and commissioners in their official capacity.
*6 The majority opinion places special emphasis on the words "to be sued," and holds that this Court has stated that the "to be sued" language is essential to a determination of statutory authorization of suits against governmental entities. Board of School Commissioners of Mobile County v. Caver, 355 So.2d 712 (Ala.1978); Lorence v. Hospital Board of Morgan County, 294 Ala. 614, 320 So.2d 631 (1975); Jackson v. City of Florence, 294 Ala. 592, 320 So.2d 68 (1975). I fail to see the magic in the term "to be sued," and I would hold as per my special concurrence in Caver, supra, that the right to sue carries with it the implied right to be sued.
We now find ourselves committed to this statutory interpretation: If the statute provides that the public body "may sue and be sued" then there is no immunity from tort liability; however, if the statute provides only that the body "may sue" then the body is immune from tort liability. I find this reasoning difficult because this court is also committed to the proposition that the right to sue carries with it the implied right to be sued, Kimmons v. Jefferson County Board of Education, 204 Ala. 384, 85 So. 774 (1920)
. . . .
Board of School Commissioners of Mobile County v. Caver, 355 So.2d 712 at 714 (Ala. 1978) (emphasis in original).
The inherent inconsistency in the majority opinion is that, although the majority writes that the magic words "may be sued" are essential for a determination of statutory authorization of suits against a governmental entity, nowhere in the majority opinion is there reference to the statutory authorization for suits against county commissions or county commissioners in their official capacity. In Lorence v. Hospital Board of Morgan County, 294 Ala. 614, 320 So.2d 631 (1975), this Court held that a county hospital board was not immune from suit. That decision was based in part on the fact that Code of Alabama of 1958, Tit. 22, Art. 5, § 204(24), expressly gives the county hospital boards the powers of a corporation including the statutory authorization to "sue and be sued." In Board of School Commissioners of Mobile County v. Caver, 355 So.2d 712 (Ala.1978), this Court held the Board of School Commissioners of Mobile County is not immune from suit in tort. That decision was based on Acts of Alabama of 1969, Act 480 at § 5, where the legislature has expressly given the powers of a corporation to the school board including the statutory authorization that the school board "may sue and be sued." In Enterprise City Board of Education v. Miller, 348 So.2d 782 (Ala.1977), this Court held that the Enterprise City Board of Education was immune from suit because there was no express statutory authorization for suits against the City Board of Education.
It is quite clear that Jackson and Lorence v. Hospital Board of Morgan County, 294 Ala. 614, 320 So.2d 631 (1975) are based upon legislative interpretation.
. . .

. . . . .
There is no mention in the statutes under which city school boards are created of the ability to be sued.
Enterprise City Board of Education v. Miller, 348 So.2d 782 (Ala.1977).
In the instant case, the majority has simply failed to base its decision holding county commissions and commissioners subject to suit on a provision containing the words "be sued" which this Court has stated in Lorence, Sims and Caver to be essential to determination of statutory authorization of suits against the governmental entity. It is true, as the majority points out, that Code 1975, § 11-1-2, provides: "Every county is a body corporate, with the power to sue or be sued in any court of record." It is significant that § 11-1-2 makes no reference to the county commission as a legal entity capable of being sued nor to the county commissioners in their official capacity. The majority attempts to bolster its holding by citing Code 1975, §§ 23-1-80 and 11-3-10, which entrust the county commission with superintendence of public roads. Neither of these sections invests the county commission with the powers of a body corporate capable of suing and being *7 sued. Code 1975, § 11-3-11, sets forth the powers and duties of the county commission generally. A close examination of that section reveals that nowhere in that Code section is the county commission given the status of a body corporate capable of suing and being sued. Because of the internal inconsistency in the majority opinion (i. e., the lack of a statutory authorization of suits against county commissions or commissioners individually), I dissent from the majority opinion insofar as it holds that the county commissions and commissioners in their official capacities are legal entities capable of being sued.

ON REHEARING
PER CURIAM.
The defendants' application for rehearing prompts the following observation regarding our opinion in this case: Counties are amenable to suit in tort under Code of Alabama, 1975, § 11-1-2. Because counties, as bodies corporate, act through their governing bodies, the county commissioners, those commissioners likewise are subject to suit in tort, not in their individual capacities but only in their official capacities. The defense of governmental immunity is no longer available in such suits. Cf. Hudson v. Coffee County, 294 Ala. 713, 321 So.2d 191 (1975).
This order on rehearing applies only to 78-623, Cook v. County of St. Clair. There was no application for rehearing filed in 78-776, Bradshaw v. Houston County.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
MADDOX, FAULKNER, JONES, ALMON, SHORES and BEATTY, JJ., concur.
TORBERT, C. J., dissents.
BLOODWORTH and EMBRY, JJ., not sitting.