Tammy J. Calvert appeals from the dismissal of her complaint against the Cullman County Commission. The action arose out of an automobile accident in Cullman County, and the complaint alleged negligence in the maintenance of a public road. The issue is whether the county commission is a proper defendant in an action presenting a claim against the county.
On October 16, 1990, Calvert was injured in a one-car accident in Cullman County. On May 9, 1991, Calvert filed a statutory claim against the County, and on October 14, 1992, she brought an action for damages for personal injuries and property damage, based upon an allegation that the county had negligently maintained a public road. Calvert's complaint named the "Cullman County Commission" and various fictitious defendants. On November 5, 1992, the Cullman County Commission filed a motion to dismiss the complaint for failure to state a claim for which relief could be granted; the motion stated that the Commission, as merely the entity through which the County discharged its business functions, had no independent legal status and that, therefore, it did not constitute a legal entity against which a claim for money damages could be asserted. On November 20, 1992, the circuit court granted the motion to dismiss.
On December 21, 1992, Calvert moved to alter, amend, or vacate the dismissal, pursuant to Rule 59(e), Ala.R.Civ.P., and filed an amended complaint adding as a defendant Cullman County and also naming as defendants three county commissioners in their official capacities. The county commission filed a motion to strike the amended complaint, arguing that it had not been filed within the 10 days allowed by Rule 78, Ala.R.Civ.P., and that the claims asserted against the County and the three county commissioners were now barred by the statute of limitations. The commission also contended that the relation-back principles of Rules 9(h) and 15(c) were inapplicable, because, it argued, Ms. Calvert had not been "ignorant of the identity" of the parties named fictitiously, because the identities of the County and its commissioners were a matter of public record and had been well known to Calvert. The circuit court denied Calvert's Rule 59(e) motion and entered a final judgment dismissing the action.
We assume that the circuit court's order dismissing Calvert's initial complaint was based upon the argument that the county commission was not a proper party defendant, because the complaint otherwise states a claim upon which relief could be granted. *Page 120 
In Cook v. St. Clair County, 384 So.2d 1 (Ala. 1980), the plaintiff in case no. 78-623 brought an action against St. Clair County, the St. Clair County Commission, and the St. Clair County commissioners in their official, as well as individual, capacities. The defendants filed a motion to dismiss. The motion was granted as to all defendants. As to case no. 78-623, this Court affirmed in part, reversed in part, and remanded.[1] The only portion of the circuit court's order that was affirmed was its dismissal of the claims against the county commissioners in their individual capacities. The Court's holding was explicit:
 "We hold that § 11-1-2 [Ala. Code 1975] allows suits against counties, and their governing bodies — the county commissions and commissioners — in their official, but not in their individual capacity in tort irrespective of any corporate-governmental function distinction. Therefore, we reverse the trial courts' orders granting the defendants' motions to dismiss, except as to that portion of the St. Clair Circuit Court's order dismissing the action against the county commissioners individually."
384 So.2d at 5.
On application for rehearing, the Court made the "observation" that: "Because counties, as bodies corporate, act through their governing bodies, the county commissioners, those commissioners likewise are subject to suit in tort. . . ."384 So.2d at 7. The appellees here argue that, on the application for rehearing in Cook, this Court, in omitting any reference to county commissions in the extended opinion, intended to specifically exclude county commissions as proper defendants. This argument is erroneous, for several reasons.
First, the ultimate holding of the Court, as noted in the judgment line of the opinion, was not altered on the application for rehearing; in fact, the application for rehearing was overruled, so there was no change in the Court's holding, which holding had reversed the dismissal of the county commission as a defendant. Second, the defendants' application for rehearing mirrored Chief Justice Torbert's dissent and argued generally, "[I]n this case, the majority opinion does not identify any legislative authorization for tort suits against the county commission or the commissioners in their official capacity." The extension of the opinion on application for rehearing is easily understood as a reiteration of the majority's original analysis: because counties are amenable to suit in tort under § 11-1-2 and because counties act through their governing bodies, the county commissions and commissioners, those governing bodies are also amenable to suit. Because the Court did not change its holding or the judgment line, the omission of the term "county commissions" in the extension of the opinion is meaningless. Third, in ElmoreCounty Commission v. Ragona, 540 So.2d 720 (Ala. 1989), this Court stated: "This Court held that plaintiffs could sue counties and county commissions in Cook v. St. Clair County,384 So.2d 1 (Ala. 1980)." This express statement of the holding in Cook defeats any argument that the Court on application for rehearing in Cook intended to specifically exclude county commissions as proper defendants.
This Court's opinion in Cook is at least implicitly based upon the recognition that, at its heart, the difference between naming the county as a defendant and naming its governing body as a defendant is a difference in nomenclature. Section 11-1-5, Ala. Code 1975, prescribes a uniform designation for the governing bodies of all Alabama counties as the "(name of county) county commission":
 "(a) In order to eliminate confusion and to provide clarity and uniformity of designation, each county governing body in this state shall, after October 1, 1970, be designated and known as the (name of county) county commission.
 "(b) The provision of this section shall effect a change in name only and shall in no way affect the existing organization, establishment, composition, function, power, duties, authority, compensation, term *Page 121 
or manner of electing the members of any governing body in this state.
 "(c) The governing bodies of the several counties of this state are hereby authorized and directed to promulgate such rules and regulations and to initiate such procedures as are necessary to implement the provisions of this section."
Chapter 3 of title 11, Ala. Code 1975, contains the general provisions relating to county commissions as the governing bodies of the counties. Section 11-3-11 enumerates the powers and duties of county commissions and provides: "The county commission shall have authority: . . . (3) To examine, settle and allow all accounts and claims chargeable against the county." Because the "county commission" is, by statute, the governing body of the county and because the commission may, by statute, settle claims against the county, the county commission may be properly named as a defendant in an action presenting a claim against the county, and the failure to also name the county in such an action does not preclude a plaintiff's claim. The holding in Cook and in Elmore CountyCommission, then, is consistent with Rule 1(c), Ala.R.Civ.P., which provides: "These rules shall be construed to secure the just, speedy and inexpensive determination of every action." See Hughes v. Cox, 601 So.2d 465 (Ala. 1992) (holding that the rules are designed to prevent preclusion of a viable claim or defense because of technical inaccuracy in pleading).
Thus, on October 14, 1992, the date upon which Calvert filed her original complaint naming the Cullman County Commission as the sole defendant, the law clearly provided that a county commission could be a proper defendant in a tort action and that a judgment rendered against the county commission would be a judgment against the county. Elmore County Commission, supra;Cook, supra. The circuit court's order granting the Cullman County Commission's motion to dismiss was, therefore, erroneous. The other issues raised on appeal are moot.
REVERSED AND REMANDED.
HORNSBY, C.J., and HOUSTON, KENNEDY, COOK, and BUTTS, JJ., concur.
MADDOX, J., concurs in the result but disagrees with the rationale.
[1] Cook involved two consolidated appeals. In case no. 78-776, this Court reversed the circuit court's grant of a motion to dismiss claims against Houston County, the Houston County Commission, and the Houston County commissioners in their official capacities.