I concur in the result that reverses the judgment of the trial court and remands the case for trial, but I must strongly disagree with the Court's holding that "the difference between naming [a] county as a defendant and naming its governing body as a defendant is a difference in nomenclature."669 So.2d at 120.
This appeal presents the question whether a plaintiff, who, in presenting a claim against a county, named as a defendant the county commission instead of the county itself, can amend her complaint more than two months after the statute of limitations has run on the claim. Consequently, the case involves issues relating to the interpretation and application of the Alabama Rules of Civil Procedure, and I agree with the majority that the provisions of Rule 1 should govern whether the plaintiff should be allowed to amend here, but I must respectfully disagree with the implication of the majority opinion that this Court, by rule or by decision, can substantively change the law of this State that designates who can and who cannot be sued.
Even though the majority has set out many of the facts and the legal issues, I elect to restate them for a better understanding of the reasons behind my concurring only in the result of the majority's opinion, and why I strongly disagree with its interpretation of Alabama law to hold that it makes no difference whether one sues a county or its governing body, the county commission.
Tammy Calvert, the plaintiff, was injured in a one-car automobile accident in Cullman County on October 16, 1990. She filed a statutory claim against the County on May 9, 1991, and she ultimately sued for damages, alleging personal injuries and property damage, on October 14, 1992; in her action, she claimed that her injuries were proximately caused by negligence on the part of the *Page 122 
County Commission in its maintenance of a public road. The "Cullman County Commission" was the only named defendant in her action; the remaining defendants were named as fictitious defendants, as permitted by Rule 9(h), Ala.R.Civ.P.
On November 5, 1992, the Cullman County Commission filed a motion to dismiss the complaint, arguing that the plaintiff had failed to state a claim for which relief could be granted. The motion stated that the Cullman County Commission was the governing body of Cullman County, Alabama, and was merely the entity through which Cullman County discharged its business functions. The motion stated that the Commission had no legal status and thus did not constitute an entity against which a claim for money damages could be asserted. On November 20, 1992, the trial court granted the motion to dismiss.
The plaintiff filed what she called a "motion to reconsider," on December 21, 1992. At that time, she also filed an amended complaint, which added Cullman County and three individual commissioners (the chairman of the commission and two others) as named defendants. The County filed a motion to strike this amended complaint, arguing that it had not been filed within the 10 days allowed under Rule 78, Ala.R.Civ.P., and that the claims the plaintiff wished to assert against the County and the three commissioners were now barred by the statute of limitations. The County also argued that to be able to invoke the "relation back" principles of Rules 9(h) and 15(c), the plaintiff "must have been ignorant of the identity of the fictitious party, in the sense of having no knowledge at the time of the filing [of the initial complaint] that the later named party was in fact the party intended to be sued." The County argued that the plaintiff here knew the identities of the county commissioners because those identities were a matter of public record.
The trial court denied Calvert's "motion to reconsider" on January 4, 1993. She then gave notice to the trial court that she would appeal to this Court, and the trial court suspended all hearings and rulings on the matter until this Court ruled on the appeal. When that appeal was dismissed by this Court as stemming from a nonfinal judgment, the trial court held a hearing, with oral arguments, on all pending motions before it and once again dismissed the plaintiff's action, on July 5, 1994. This present appeal follows the trial court's entry of a final judgment.
I disagree with the plaintiff's argument that the trial court erroneously construed Rules 12 and 56, Ala.R.Civ.P., when it dismissed the complaint, but I agree with her alternative argument that she had proceeded in good faith in naming the defendant as the "Cullman County Commission" and that the trial court erred in refusing to give her leave to amend her complaint to name Cullman County as the proper defendant,under the facts and circumstances of this particular case, even though the County makes a strong argument that the plaintiff's amendment should be barred because she did not amend her complaint within the 10 days permitted under Rule 78, Ala.R.Civ.P. The county argues that the plaintiff was not ignorant of the names of the parties needed to properly amend, because they were a matter of public record.
The plaintiff cites United Handicapped Industries v. NationalBank of Commerce, 386 So.2d 437 (Ala.Civ.App. 1980), and Rules 9(h) and 15(a), Ala.R.Civ.P., in support of her argument. After studying the Alabama Rules of Civil Procedure, and specifically Rule 1(c), which provides that "[the] rules shall be construed to secure the just, speedy and inexpensive determination of every action," and interpreting the rules as mandated by Rule 1(c), I agree with the plaintiff that the trial court erred in not allowing her leave to amend her complaint. I note the following passage from United HandicappedIndustries:
 "Defendants at first argue . . . that Rule 78, [Ala.R.Civ.P.], which grants an automatic right to amend within ten days of suffering dismissal, impliedly bars amendments if not sought within ten days.
 "We cannot agree with defendants' contentions. It is well established that Rule 15, [Ala.R.Civ.P.], dealing with amendments, is to be liberally construed. Therefore, *Page 123 
amendments are to be freely allowed and their refusal must be based on some valid ground. . . .
 "We perceive Rule 78 as being expressive of this policy. To hold that it creates an absolute bar to amendment after the expiration of ten days would not only be contrary to our practice concerning amendments, but also would run afoul of the more basic and pervasive rationale of our Rules of Civil Procedure; namely, that cases are to be decided on the merits."
United Handicapped Industries, 386 So.2d at 441 (citations omitted).
In addition, I note the following language of Rule 15(c), Ala.R.Civ.P.:
 "An amendment changing the party against whom a claim is asserted relates back if . . . within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him. An amendment pursuant to Rule 9(h), Fictitious Parties, is not an amendment changing the party against whom a claim is asserted and such amendment relates back to the date of the original pleading."
In this case, Cullman County and its Commission had been negotiating with the plaintiff for several months before she filed her initial complaint, and they were thus well aware that an action might be brought against the county. Because the subject amendment involves the initial pleadings, allowing it would work no hardship upon the county or its commissioners. Additionally, the commissioners in their official capacities were brought in properly through the use of fictitious party pleading.
I also note that the plaintiff received a letter from the Commission's insurer that read in part: "This adjusting firm represents the liability carrier for [the] Cullman County Commission. . . ." This letter, I believe, supports the plaintiff's contention that she was under the mistaken impression that the Commission was the proper party against whom to file suit and that she filed her initial complaint in good faith. Accordingly, on this ground, I agree that the trial court's judgment must be reversed.
Having said that, I must disagree with the majority's holding that "the difference between naming [a] county as a defendant and naming its governing body as a defendant is a difference in nomenclature." 669 So.2d at 120. The majority bases its holding on Cook v. County of St. Clair, 384 So.2d 1 (Ala. 1980). Admittedly, Cook contains language that could be read as the majority reads it, but I believe that this Court, on the application for rehearing in Cook, cleared up some of the ambiguity that surrounds this issue of the proper entity to sue when one seeks to present a claim against a county.
The statutory authorization for an action against a county is Ala. Code 1975, § 11-3-11. That section reads, in part:
"(a) The county commission shall have authority:
". . . .
 "(3) To examine, settle and allow all accounts and claims chargeable against the county."
I disagree with the plaintiff's contention that a claim against a county can be presented by suing the county commission. I note that Ala. Code 1975, § 11-1-2, reads:
 "Every county is a body corporate, with power to sue or be sued in any court of record."
Under the provisions of § 11-3-11, a county commission is empowered to examine and settle all accounts and claims chargeable against the county; nothing in the section says that the county commission may be sued itself. This specific question was addressed by this Court in Cook v. County ofSt. Clair, and my disagreement with the majority is based upon a different reading of what Cook says, or, at least, what it should say.
Cook dealt with a series of consolidated appeals, wherein this Court discussed the tort liability of a county, its county commission, and its county commissioners. This Court initially stated, "We hold that § 11-1-2 *Page 124 
allows suits against counties, and their governing bodies — the county commissions and commissioners — in their official, but not in their individual capacity in tort irrespective of any corporate-governmental function distinction." Cook, 384 So.2d at 5. Chief Justice Torbert dissented in part, noting that the opinion made no reference to any statutory authorization for actions against county commissioners and county commissions; he dissented from the portion of the Cook opinion holding them to be legal entities capable of suing or being sued. On application for rehearing, this Court extended its opinion to include the following observation:
 "Counties are amenable to suit in tort under Code of Alabama, 1975, § 11-1-2. Because counties, as bodies corporate, act through their governing bodies, the county commissioners, those commissioners likewise are subject to suit in tort, not in their individual capacities but only in their official capacities. The defense of governmental immunity is no longer available in such suits."
Cook, 384 So.2d at 7.
I realize that there are cases, like Cook and Elmore CountyCommission v. Ragona, 540 So.2d 720 (Ala. 1989), cited by the majority, where county commissions were sued, and in which this court made statements that could support the position of the majority. I also realize that this Court's answer to the question whether a county or a county commission is the proper entity to sue has been somewhat ambiguous. In view of that fact, I would use this case to clear up the ambiguity that may exist because of statements made in Cook and Ragona.
As I view it, a "county commission," which was previously called a "board of revenue," is the governing body of the county, and is not the county itself. A county commission is similar to a city council or the state legislature. The county commission is the entity, of course, that governs the county, and in many counties the probate judge is the chairman of the county commission. For example, to sue a county requires presentment of an itemized, verified claim to the county commission within 12 months of the accrual of the claim, and the commission's denial or reduction of the claim within 90 days. See §§ 6-5-20, 11-12-5, 11-12-6, and 11-12-8, Ala. Code 1975; see also Health Care Auth. v. Madison County,601 So.2d 459 (Ala. 1992).
There are other statutory functions and powers exercised by county commissions. For example, if a person wants a permit, the county commission has the power to decide the merits of the permit request and render what could be called a final decision, subject, of course, to limited, deferential review, on the ultimate issue. See Taxpayers Citizens of LawrenceCounty v. Lawrence County, 143 So.2d 813, 273 Ala. 638 (1962). In my opinion, the only statutory authority county commissions have regarding claims against a county for the county's alleged negligence is to receive and file them. The county commission cannot finally adjudicate the merits of the person's claim. That power is reserved to the courts. Steadham v. Sanders,941 F.2d 1534 (11th Cir. 1991).
In this case, it is Cullman County, not the Cullman County Commission, that is alleged to have been negligent. Any judgment in the case should be against Cullman County, not against the county commission or the county commissioners.
I realize, of course, that there could be instances when the county commission or the county commissioners collectively or individually might be proper parties, if either were under a legal duty to act or not act. In those instances, the judgment would be against either for breach of a legal duty.
Based on the foregoing, I cannot agree with the majority that it makes no difference whether one sues the county or the county commission. They are separate entities, and, in the case before us, only the county will be asked to pay any judgment that might be recovered.
I have searched the 1975 Code of Alabama and I cannot find any reference to a statute stating that a "county commission" can be sued for alleged negligence of a county. All the references I find in the Code are to the county commission as the governing body of the county. *Page 125