In 1993 Jefferson County filed a complaint to condemn approximately one acre of land belonging to Michael Flanagan, Jr., and Laura Flanagan. In December 1993 the Jefferson County Probate Court entered a judgment, condemning the Flanagans' property and awarding them $2,100 as damages. The Flanagans appealed the judgment to the Jefferson County Circuit Court.
On February 26, 1997, the Flanagans filed a complaint in the Jefferson County Circuit Court against Jefferson County, the Jefferson County Commission, and the individual commissioners (hereinafter referred to as "Jefferson County"). The Flanagans asserted claims of trespass, conversion, negligence, private nuisance, and a § 1983 violation. This case was subsequently consolidated with their appeal of the condemnation award.
Jefferson County filed a motion for a summary judgment in the tort case, along with a supporting brief. The Flanagans filed an opposition to the motion. At trial, the court denied the motion for a summary judgment. The Flanagans' tort claims and their appeal of the condemnation judgment were tried *Page 765 
before a jury. The jury returned separate verdicts. In the tort case, the jury found in the Flanagans' favor and awarded them damages in the amount of $45,000. The trial court entered a judgment on the jury's verdict. The condemnation judgment is not part of the record on appeal.
Jefferson County appeals only the $45,000 judgment, contending that the Flanagans' tort claims were barred by the condemnation action; that the jury's award of damages in the tort case, together with the award in the condemnation case, amounts to a double recovery; that the Alabama appellate courts have not recognized a claim for the negligent construction of a public road; that the Flanagans' trespass and negligence claims were barred by the non-claims statute; and that Mr. Flanagan's testimony regarding the removal of silt and debris from his property and lake was speculative and inadmissible. Jefferson County further contends that the trial court erred in charging the jury that the Flanagans could recover damages for mental anguish; in allowing the Flanagans to introduce evidence of the destruction or injury to trees as an independent element of damages; in admitting evidence of what adjacent property owners received as a result of condemnation of their property, citing the Eminent Domain Code; and in allowing the Flanagans to introduce into evidence the Jefferson County Board of Equalization's appraisal of their property.
This court will not reverse a judgment based upon a jury's verdict on a sufficiency of the evidence basis unless the evidence viewed in a light most favorable to the nonmovant shows that the verdict was " `plainly and palpably wrong and unjust.'" S W Properties, Inc. v. American MotoristsIns. Co., 668 So.2d 529, 534 (Ala. 1995) (quotingChristiansen v. Hall, 567 So.2d 1338, 1341
(Ala. 1990)).
"For a strictly legal challenge, however, no presumption of correctness or favorable initial view applies. H.C.Schmieding Produce Co. v. Cagle, 529 So.2d 243, 247
(Ala. 1988)." Ricwil, Inc. v. S.L. Pappas Co.,599 So.2d 1126, 1129 (Ala. 1992). In such cases, this court must "review any rulings purely on matters of law without any presumption of correctness on the part of the trial court."Ricwil, Inc., 599 So.2d at 1129.
Jefferson County contends that the probate court's condemnation judgment precluded the Flanagans' filing of tort claims.
That issue was addressed by our supreme court in AlabamaPower Co. v. Thompson, 250 Ala. 7, 32 So.2d 795 (1947), wherein the court stated the following:
 "We hold that while the appeal is pending in the circuit court from an order of condemnation made in the probate court, such order is not such a final adjudication as is conclusive of the rights of the parties or their privies in other actions wherein are involved the issues passed on in the condemnation proceedings in the probate court. It may not be pleaded as res judicata or as estoppel. It follows, therefore, that the trial court correctly sustained plaintiff's demurrer to defendant's Pleas 3 and 4 inasmuch as said pleas affirmatively show that there was an appeal pending and undetermined from the order of condemnation entered by the probate court, which order defendant sought to set up as a bar to further maintenance of the trespass action."
250 Ala. at 14, 32 So.2d at 801-02.
The Flanagans' appeal of the condemnation judgment was tried at the same time as their tort claims. Therefore, we conclude that the Flanagans' tort claims were not barred by the condemnation judgment. Accordingly, we conclude that the jury's award of damages on the Flanagans' tort claims is not a double recovery, particularly since the trial court instructed the jury that, under the claims of negligence and trespass, it could not award the Flanagans the difference between the value of their property before the condemnation and after the condemnation.
Jefferson County contends that the Flanagans sued it for negligent construction of a public road and that the Alabama appellate courts have not recognized such a cause of action.
The Flanagans sued Jefferson County for negligence in destroying or "dispossessing" certain valuable trees, shrubs, and other vegetation *Page 766 
from their property, without first obtaining permission.
In Cook v. County of St. Clair, 384 So.2d 1, 5
(Ala. 1980), our supreme court held that "[t]here is no restriction to the type of suit that may be brought against the county — tort or contract." The court also held that "§ 11-1-2 [, Ala. Code 1975,] allows suits against counties, and their governing bodies — the county commissions and commissioners — in their official, but not in their individual capacity in tort irrespective of any corporate-governmental function discretion." 384 So.2d at 5.
Jefferson County condemned approximately one acre of the Flanagans' property to widen a one-lane road. During the widening of the roadway, Jefferson County did not take steps to stop or to minimize erosion damage to the Flanagans' remaining property. During construction, there were heavy rains, which caused soil to erode onto the roadway and the adjacent property. The jury heard evidence that the erosion continued for seven months and saw pictures of the erosion and the resulting damage. The record reflects that the trial court gave the Alabama Pattern Jury Instruction (Civil) 28.01 regarding negligence.
Based upon our review of the record, we conclude that the Flanagans presented substantial evidence that Jefferson County was negligent in maintaining the roadway during construction and allowed, or caused, damage to the Flanagans' adjoining property. Cook. Therefore, we find that the trial court properly submitted the issue of negligence to the jury.
Jefferson County next contends that the Flanagans' trespass and negligence claims were barred by the non-claims statute.
All claims, except federal claims, must be presented to a county within 12 months after the claims accrue or become payable. § 11-12-8, Ala. Code 1975. A claimant must have personal knowledge of the facts stated in the claim. §§ 11-12-5 and 11-12-6, Ala. Code 1975. An action cannot be maintained until the claim has been presented to the county commission and disallowed. § 6-5-20, Ala. Code 1975.
The Flanagans filed a claim for damages with Jefferson County on September 6, 1996. Jefferson County asserts that the Flanagans' proof of trespass and negligence occurred before September 6, 1995, and that, therefore, the Flanagans' tort claims were barred by § 11-12-8. However, the record reveals that the Flanagans presented evidence of trespass and damage occurring on one occasion in 1994, of continuing trespass for seven months in late 1995, and on at least one occasion in 1996.
Accordingly, we conclude that the Flanagans presented substantial evidence of trespass and negligence occurring after September 6, 1995, and that their tort claims were not barred by § 11-12-8.
Jefferson County further contends that the trial court erred in charging the jury that the Flanagans could recover damages for mental anguish.
"No party may assign as error the giving . . . of a written instruction . . . or otherwise improper oral charge unless that party objects thereto before the jury retires to consider its verdict, stating the matter objected to and the grounds of the objection." Rule 51, Ala. R. Civ. P. See also Chris MyersPontiac-GMC, Inc. v. Lewter, 697 So.2d 478
(Ala.Civ.App. 1997).
Jefferson County objected to the trial court's charging the jury on negligence and trespass, but did not object to the charge on mental anguish damages. Therefore, we conclude that Jefferson County failed to preserve this issue for our review.Int'l Rehabilitation Assocs., Inc. v. Adams,613 So.2d 1207 (Ala. 1992).
Jefferson County argues that the evidence of the destruction or injury to the Flanagans' trees was inadmissible as damages.
The trial court instructed the jury that "the measure of damages for trespass . . . and for cutting timber [thereon] is the difference in the value of the land before and after the trespass. The value of the timber is not the measure of damages." Therefore, we conclude that any alleged error in admitting evidence of the destruction of trees was *Page 767 
cured by the trial court's jury instruction and is harmless error. Rule 45, Ala. R.App. P.
Jefferson County, citing § 18-1A-197, Ala. Code 1975, of the Eminent Domain Code, argues that the trial court erred in admitting evidence of what adjacent property owners received as a result of the condemnation of the Flanagans' property. While evidence regarding the amount that adjacent property owners received is not admissible in a condemnation action, § 18-1A-197, the evidence of the amounts that adjacent property owners received was admitted in the Flanagans' tort case. Jefferson County did not appeal the condemnation judgment; therefore, this issue is not properly before this court.
Jefferson County contends that the trial court erred in admitting Mr. Flanagan's testimony regarding the cost of removing silt from the Flanagans' lake and the cost in cleaning up the dirt that Jefferson County dumped and/or deposited on the Flanagans' property. Specifically, Jefferson County argues that Mr. Flanagan's testimony was speculative and inadmissible.
The party claiming damages has the burden of showing, by competent evidence, an entitlement to damages and the amount of those damages. Johnson v. Harrison, 404 So.2d 337
(Ala. 1981); Jones v. Quality Development Co.,671 So.2d 744 (Ala. Civ.App. 1995). An award of damages cannot be made upon speculation, and the party claiming damages has the duty of offering substantial evidence of the amount of the damages allegedly suffered. Johnson.
Mr. Flanagan testified that he and his father own an excavating company, which builds roads, streets, highways, sewers, and water mains. He also stated that in the past, the company has dredged lakes and has removed silt from lakes. Mr. Flanagan stated that it would take one day with a "big track backhoe" to clean out his lake, and he estimated that he would have to remove approximately six dump truck loads of silt from the mouth of the lake. He further stated that the company charges $125 per hour or $1,250 per day for a "big track backhoe" and its operator and $55 per hour for a dump truck and operator and that there would be a landfill charge to dump the silt in Jefferson County's landfill. Mr. Flanagan stated that the removal of the silt would cost a total of $3,000.
Mr. Flanagan also stated that Jefferson County had removed a number of survey irons from his property and that he obtained an estimate of $2,640 to resurvey his property and to replace the missing survey irons. He also stated that he has to replace 600 feet of a three-strand barbed-wire fence removed by Jefferson County. He stated that barbed wire costs approximately two dollars per foot and that it will cost him $1,200 to replace the 600 feet of fencing. Mr. Flanagan also testified that he has to remove several boulders and from six inches to two feet of silt from approximately fifteen feet of the condemned right-of-way and has to replace topsoil in that area before he can use it for pasture. He stated that it will cost him approximately $2,000 to remove the silt and the boulders and to replace the topsoil.
Based upon our review of the record, we conclude that Mr. Flanagan's testimony was not speculative and was substantial evidence of the cost of cleaning his property of objects and materials deposited thereon by Jefferson County.
Last, Jefferson County argues that evidence of tax assessments of the Flanagans' property is not admissible to prove the value of the property condemned. However, Jefferson County did not appeal the condemnation judgment. Moreover, Jefferson County's attorney, on cross-examination, elicited testimony from Mr. Flanagan regarding the tax assessments of the property. Once Jefferson County "opened the door" into the amount of the tax assessment of the Flanagans' property, the trial court had discretion to allow the Flanagans to present further evidence of the Board of Equalization's actions. See City of GulfShores v. Harbert Int'l 608 So.2d 348 (Ala. 1992). We find no error.
The judgment of the trial court is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge *Page 768 
of this court under the provisions of § 12-18-10(e), Ala. Code 1975. AFFIRMED.
ROBERTSON, P.J., and YATES and THOMPSON, JJ., concur.
MONROE, J., concurs specially.
CRAWLEY, J., concurs in the result.